*264 OPINION of the Court, by
Ch. J. Boyle
This was an action of trespass for taking and carrying away jyg bushels of Indian corn. A verdict and judgment wcre obtained for the plaintiff, to reverse which this writ of error is prosecuted by the defendant,
During the progress of'the trial two bills of exception were filed by the defendant, out of which the points arise which are made by the assignment of errors,
From the first bill of exception it appears that the Pontiff, in order to establish his right to the corn for the taking of which the action was brought, proved that it had been planted by one M’Callister, and then produced in evidence » deed from M’Callister to him for the land on which the corn was growing at the times ⅛⅞. Jeed was made. To disprove the plaintiff’s right *265 the defendant offered in evidence á copy of a deed made by the plaintiff to one Miller, for the same land, whilst the corn was still growing thereon, and which deed was certified to have been admitted to record upon the ac-knowledgement of the plaintiff; but the plaintiff by his counsel objected to the copy of the deed being admitted as evidence, and the court sustained the objection.
The second bill of exception states that the court, on the application of the plaintiff, instructed the jury that as the defendant had by his pleas confessed the taking bf the corn in the declaration mentioned, it was unnecessary for the plaintiff to prove the quantity.
With respect to the point arising out of the first bill of exception, we entertain no doubt that the court erred. The doctrine is well settled, that a copy of an enrolled deed, where enrolment is necessary, is admissible evidence—1 Salk. 280—Gilbert 97, 99—2 Evans’s Pothier 170 and 177. This doctrine is laid down by the books in general terms, and would seem to be equally applicable to every case where the original would be relevant evidence. But whether it ought to extend to a case where the deed was admitted to record upon the proof of witnesses, or where the copy is offered in evidence by a person having a right to the possession of the original, or against a person not a party to the deed, áre points that do not occur in this case, and which we are to be understood as not having decided : for in this instance the copy was offered in evidence by a stranger to the deed, who had no right to the custody of the Original, against a person who was a patty to the deed, and upon whose acknowledgement it had been admitted to record. This is, therefore, as strong 'a case as can be conceived in favor of the admission of the copy as evidence.
The point growing out of the second bill of exception,' the court below, we think, decided correctly. Itisá general rule, that what is admitted by the pleadings' need not be proven ; and the defendant by his pleas expressly confessed “ that he took and sold the corn in the declaration mentioned.” This confession evidently extends to the whole quantity alleged to be taken, and by no rule of construction can it be limited tó a part only.
As, however, the court below decided the point growing out of the first bill of exception incorrectly, the *266 judgment is ior that cause erroneous, and must be reversed with costs, and the cause remanded for a new triah