Evans v. Stone, &c.

CASE 17—ORDINARY—FEBRUARY 11, 1882.

# Evans v. Stone, &c.

APPEAL FROM FAYETTE COURT OF COMMON PLEAS.

1. An answer to a suit upon a promissory note, averring that it was obtained by fraud, misrepresentation, and covin, without specifically setting forth the facts constituting the fraud, presents an issuable fact, and a reply must be made to it.

2. And so if the answer was that the note was executed without any consideration.

3. The motion of appellant that the court render judgment for him, notwithstanding the verdict against him, should have been granted, because no reply had been made to either paragraph of his answer.

4. Neither sections 114 nor 134 of the Code have any application to the case.

5. The court erred in setting aside the verdict for the purpose of enabling appellee to file a reply. It was too late.

BRECKINRIDGE & SHELBY AND MORTON & PARKER FOR APPELLANT.

After the verdict was rendered, and appellant moved the court for judgment in his favor, notwithstanding the verdict, nothing was left but to examine the pleadings, and, in the absence of a reply to the answer, to grant the motion. There is no authority in the Code to set aside a verdict, simply with the view of permitting a party to do that which he ought to have done before verdict. (Civil Code, secs. 340, 386; 14 Ind. Rep., 118; 14 Ohio, 206.)

D. G. FALCONER FOR APPELLEES.

Under the present Code an issue can be made and is made without a reply, unless the answer contains affirmative allegations. Here there are none. (Boone v. Shackleford, 4 Bibb, 67; Ralston v. Bullitt, 3 Ib., 264; Coyle v. Fowler, 3 J. J. Mar., 473.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

This was an action on a note by the appellees against the appellant and another.

The appellant answered and pleaded—

*First.* That "the note sued on was executed without consideration."

*Second.* That "the execution of said note was obtained by fraud, misrepresentation, and covin."

And in the third paragraph he stated the facts on which he relied to show the fraud and want of consideration.

On motion of appellees, the third paragraph was stricken out, and without a reply having been filed to the other paragraphs, a trial was had which resulted in a verdict for them.

The appellant then moved for judgment, notwithstanding the verdict, to which appellees objected, and on the fifth day thereafter the court, at their instance, set aside the verdict, permitted them to file a reply, overruled appellant's motion, and continued the case.

A subsequent trial terminated in a second verdict for the appellees.

The bills of exception present the history of each trial.

The solution of the question involved depends upon the sufficiency and nature of appellant's answer, and the object of section 386, Civil Code.

A plea which avers that a note, bond, or other like instrument, was given without any consideration, although it is in the negative, does not traverse the whole of the petition, and must be treated as pleading new matter, not alleged in the petition, and therefore presents an issuable defense, to which a reply is necessary to produce an issue.   (Boone v. Shackleford, 4 Bibb, 67; Ralston, &c., v. Bullitt, 3 Bibb, 264; Coyle's ex'x v. Fowler, 3 J. J. Mar., 473.)

An answer or plea to an action on such instruments alleging generally that the writing sued on was obtained, or its execution procured by fraud, misrepresentation, and covin, without specifically averring the facts constituting the fraud, is sufficient, and presents a substantive and issuable fact, which is not a mere conclusion of law, and must be

taken as true, unless denied. (Ross *et al.* v. Bragdon, 2 Dana, 161; Sharp v. White, 1 J. J. Mar., 107; Whitehead, &c., v. Root, &c., 2 Met., 588.)

The allegations of appellant's answer, although material and affirmative, stood undenied, no reply having been filed when the verdict was rendered, and according to the rules of pleading the appellant was entitled to the judgment, because, if his pleas were true, they formed a complete bar to the action, and by failing to traverse them, the appellees admitted their truth, and thereby left no issue of fact to be determined by the jury.

And section 386, Civil Code, provides that "judgment shall be given, for the party whom the pleadings entitle thereto, though there may have been a verdict against him."

At the time the appellant made his motion for judgment notwithstanding the verdict, the pleadings entitled him thereto, and this provision of the Code leaves no room for construction or discretion, and whatever may be the merits of this controversy, the parties by their pleadings, having placed themselves within the condition contemplated by this section, must abide the consequences.

In the case of Martindale and others v. Price, 14 Ind., 118, the court, having under consideration a statute similar to section 386, *ibid,* said:

"The statutory rule is, that where, upon the statements in the pleadings, one party is entitled by law to a judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

It is argued, however, that section 114 of our Code makes it the duty of the court to compel the parties to form a material issue, and as no material issue was formed, there could

Evans v. Stone, &c.

be no trial and verdict, and therefore the court's action was legal.

A cursory reading of that section will show to an ordinary observer that the whole of the provisions of this section relate to the proceedings *before trial*, and not after trial and verdict.

It says "parties must, *before trial*, form a material issue concerning each cause of controversy, and it is the duty of the court, upon or without motion, to compel them to do so."

This section, it seems to us, was intended not only to prevent frivolous issues and trials, but to guard parties from going to trial upon no issue or immaterial issues; but it in no sense modifies or conflicts with section 386.

It is urged that section 134, which authorizes the court to cause or permit a pleading or proceeding to be amended, was intended to modify said section, but we are convinced that such is not the case. It does not relate to the subject of setting aside verdicts or filing pleadings; it authorizes amendments to pleadings already filed; and only when the amendment does not change substantially the *claim* or *defense*, can the pleading or proceedings be conformed by it to the facts proved.

This certainly does not apply to a case where the whole issue is sought to be formed after trial and verdict.

It is true that the court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; but overruling appellant's motion for judgment when he was by law entitled to it, does affect his substantial rights, and takes the case out of that clause of the section last mentioned.

We cannot relieve the hardship of this case, and while the appellees' misfortune is deeply to be regretted, they were given every opportunity the law allows to join issue upon the matters contained in the answer. They failed to do so, or to furnish any excuse for their failure, and the fiat of the law must be obeyed.

Wherefore, the judgment is reversed, and cause remanded, with directions to render judgment in behalf of the appellant.