## Speed v. Willow Springs Distilling Co.

(Decided October 14, 1910.)

### Appeal from Lincoln Circuit Court.

Surety—Discharge Of.—When there is placed in the custody of the surety, as a part of the agreement with the creditor by which the obligation of suretyship is assumed, property or securities of the principal, to be held by the surety as indemnity, and the creditor directs the surety who is holding the property or securities for the purpose mentioned to deliver or surrender the same to the principal, the surety will be released to the extent of the value of the property or securities so delivered or surrendered.

C. C. BAGBY, T. J. HILL, CHENAULT HUGUELY, and GEO. B. SAUFLEY for appellant.

HUGH P. COOPER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

On October 5, 1906, H. S. Shanks, with the appellant Speed as surety, executed to the appellee company his promissory note for $2,719. This note was given as the purchase price of a lot of whisky bought by Shanks from the appellee company. At the time he executed the note, and to secure its payment, Shanks gave a mortgage to the company on the whisky, which was placed in a warehouse owned by the appellant Speed. Payments from time to time were made on the note that largely reduced the principal due. After the death of Shanks this action was brought against Speed to recover the balance due on the note. Speed made several defenses, but we think it important to notice only one.

In the second and third paragraphs of his answer, to which a demurrer was sustained, he averred in substance that it was agreed, at the time he signed the note, between himself, and the agent representing the appellee company that if he would sign it the whisky would be placed in his warehouse, to be withdrawn by Shanks in five-barrel lots—Shanks at the time he got each five-barrel lot to pay for the previous five barrels, so that he could not at any time withdraw more than five barrels without paying for it. That he was induced to sign the note by reason of this agreement. That in pursuance of it, the whisky was placed in his warehouse, and he was only permitting Shanks to withdraw it in five-barrel lots, and not then until he had paid for the five barrels previously withdrawn and not paid for. That when there was sufficient whisky in his custody in the warehouse to pay the amount due on the note, the appellee company instructed him in writing that it had entire confidence that Shanks would pay the note, and to permit him to withdraw all of the whisky that he wanted. That upon receiving this direction from the appellee company he acted in accordance therewith, and permitted Shanks to withdraw without paying therefor a quantity more than sufficient to pay the balance due on the note.

The evidence for Shanks tended to support the averments of his pleading, while the evidence on behalf of the appellee company was to the effect that no agreement or arrangement of this kind was entered into. At the conclusion of the evidence, Speed offered an instruction presenting the defense set up in the paragraphs of the answer to which a demurrer was sustained, but the in-

struction was refused. We think the court erred in sustaining a demurrer to the paragraphs of the answer presenting the defense mentioned, and also erred in refusing to instruct the jury upon this phase of the case.

The rejected pleading and evidence of Speed entitled him to an instruction presenting the defense relied upon, which in our opinion was the only defense he had.

We think the evidence sufficient to show that the agent had authority to make the agreement and if Speed was induced to sign the note by an agreement or arrangement made with the appellee company through its agent, that the whisky for which the note was given should be retained in his warehouse to be taken out by Shanks in five-barrel lots, and only then upon his paying for that theretofore taken out, and afterwards the appellee company directed Speed, who had theretofore delivered the whisky to Shanks in accordance with the arrangement, to let Shanks withdraw the whisky in such quantities as he desired, this direction released Speed from liability on the note to the extent of the value of the whisky on hand at the time the direction was given and which was subsequently delivered to Shanks without his paying therefor. Its effect was to deprive the surety of the means by which he was protecting himself from injury, and to diminish the security he was holding for the purpose of indemnifying himself against loss on account of his suretyship.

In answer to the argument that as Speed consented to the arrangement by which the whisky was delivered to Shanks, he can not rely on this fact as a defense, this may be said: The whisky was put in Speed's custody by the distilling company with the consent of Shanks as an inducement to obtain his name as surety. This being so, the company had the right at any time to change the contract by which Speed was liable and release him and look alone to Shanks for payment. When it directed Speed to deliver the whisky to Shanks, it in effect said to him, we are now satisfied Shanks will pay the debt and as we do not hold you liable any longer you may turn over to him the security you have been holding. Under these circumstances it was not necessary that Speed should refuse to surrender his security. If Shanks had put the whisky in the custody of Speed to induce him to become his surety a different question would be presented. Then the arrangement about indemnity would be a matter between Shanks and Speed, with which

the distilling company had nothing to do, and if Speed released his security it would not affect his liability on the note. But, this is not the case we have. The contract in reference to indemnity was made with the creditor and not the principal in the note. And so we think that when, as in this case, there is placed in the custody of a surety as part of an agreement with the creditor by which the obligation of suretyship is assumed, property or securities to be held by the surety as indemnity, and the creditor directs the surety who is holding the property or securities for the purpose mentioned to deliver or surrender the same to the principal, the surety will be released to the extent of the value of the property or securities so delivered or surrendered.

Upon another trial the court in lieu of the instructions given and refused, should instruct the jury in substance that if Speed was induced to and did sign the note under an agreement made between himself and the appellee company through its agent, that the whisky should be kept in his ware house and in his custody, and Shanks was not to withdraw more than five barrels at a time, and only then upon payment for that which had been previously withdrawn, and further believe that after this agreement was made, and while Speed was observing the same, and when there was enough whisky remaining in the warehouse to pay the note or a part thereof the appellee company directed Speed to allow Shanks to withdraw the whiskey as he desired, and in accordance with this direction Shanks did withdraw without paying therefor whiskey, then to the extent of the value of the whisky so withdrawn they should find for the defendant. The converse of this instruction should be given for the company, if requested.

Wherefore the judgment of the lower court is reversed, with directions to proceed in conformity with this opinion.