## Boeckley v. Central Savings Bank and Trust Company, et al.

(Decided November 11, 1924.)

### Appeal from Kenton Circuit Court.

1. Pleading—Traverse, "Except as Hereinafter Stated," a Negative Pregnant.—A traverse, concluding with "except as hereinafter stated," was not sufficient defense, being a negative pregnant.

2. Bills and Notes—Unnecessary that Consideration Move to or be Received by Signer of Note.—Consideration need not pass to signer of note, but it is supported by consideration, if there is detriment to payee, such as extension of credit to third parties.

3. Bills and Notes—Paragraph of Answer Held Not Good Plea of no Consideration.—Paragraph of answer stating that no consideration was had or received by defendant signer of note, or any one on his behalf, held not good plea of no consideration.

4. Bills and Notes—Plea that Payee Bank Represented that Signer would Incur no Liability and that Bank would Look Only to Co-Signers, Stated no Defense.—Paragraph of answer alleging that payee bank fradulently represented to defendant in order to induce him to sign note, that he would incur no liability, and that bank

would not look to him for payment but would look to other signers, did not state a defense.

5. Bills and Notes—Paragraph of Answer as to Holding of Property of Other Signers Held Not to State Defense.—Paragraph of answer alleging that payee bank represented to defendant signer of note that it held personal property belonging to other signers, and would hold it until note was paid, but surrendered it so that it was carried beyond jurisdiction of court, held not to state a defense, there being no allegation of insolvency of other signers, stated to be principals, or that bank had lien.

6. Pleading—Answer Construed Against Pleader.—Answer must be construed most strongly against pleader.

JOHN T. MURPHY and MARTIN J. BROWN for appellant.

HARRY B. MACKOY and MACKOY & MACKOY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellee bank brought this action against appellant Boeckley to recover on a note for $2,200.00, executed by him and others to appellant bank on October 21, 1922, and which had not been paid. The note reads:

"Covington, Ky., Oct 21, 1921.

"$2,200.00.

"Ninety days after date we jointly and severally promise to pay the CENTRAL SAVINGS BANK & TRUST COMPANY, OF COVINGTON, KY., or order, twenty-two hundred dollars, without defalcation. Negotiable and payable at their office in Covington, Ky., for value received and they are hereby directed to place to the credit of

"Address: Adams, Tenn. "ROLAND & ROLAND,
No. 33449.               "C. E. ROLAND,
Due Jan. 19, $33.54.     "V. D. ROLAND.
                         "O. A. BOECKLEY."

His answer was in five paragraphs and attempted to present several different defenses. A general demurrer was sustained to this answer and to each paragraph thereof, and when appellant declined to further plead, judgment was entered against him for the amount of the note.

The first paragraph of the answer to which the demurrer was sustained was a traverse, concluding with the phrase "except as hereinafter stated." This, of

course, was not sufficient defense, for it in effect admitted liability. It was a negative pregnant.

The second paragraph averred that the note "was signed and executed by him at the request and specifie solicitation of plaintiff (bank), its officers and agents, and that no consideration was had or received therefor by this defendant, or anyone on his behalf." If there was a sufficient consideration for the execution of the note it was not necessary that such consideration move to or be received by appellant, or "anyone on his behalf." If there were a detriment to the bank, or if the bank extended credit to others on account of the execution of the note to which appellant's signature was attached, there was a sufficient consideration. Thus construed the second paragraph was not a good plea of no consideration.

The third paragraph of the answer averred that the principals in the note were Roland & Roland, and that the bank had paid to Roland & Roland the whole consideration for the note before appellant signed it, concluding "that no consideration was had by or going to this defendant, or anyone for or on his behalf therefor." This paragraph is subject to the same criticism as number 1, and was insufficient as a defense.

By the fourth paragraph appellant pleaded that the bank fraudulently represented to him, in order to induce him to sign the note, that he would incur no liability thereon by signing the same, and further that the bank would not look to him for payment of the note; that he signed said note relying upon such representations, and that he would not have otherwise signed the note. For obvious reasons this paragraph did not present a defense.

The fifth paragraph of the answer averred that the plaintiff (bank), through its agents and representatives, induced appellant to sign the note while representing to him that it then held personal property belonging to Roland & Roland consisting of an auto truck and other personal property of greater value than the amount of the note, and "that said plaintiff would hold said property until said note should be fully paid and canceled;" that thereafter the bank surrendered the property to Roland & Roland and it was by that firm carried beyond the jurisdiction of the court, all against the will and without the consent of appellant. It nowhere alleges that Roland & Roland were insolvent or without prop-

erty sufficient to satisfy the debt of the bank. Nor is it averred that the bank had a lien upon the personal property of Roland & Roland alleged to have been in its possession. There is no charge of insolvency against the principal in the note. Construing this pleading strongest against the pleader, as we must, it does not state a defense to the petition upon the note. There was no error in the ruling of the court, sustaining a general demurrer to each and all of the five paragraphs of the answer.

Judgment affirmed.