## Stair v. Jerry Lee Stair Gilbert.

(Decided May 26, 1925.)

### Appeal from Clark Circuit Court.

1. Insane Persons—Deeds Executed by Person Not Knowing what he did or Effect of such Instruments May be Set Aside as Not Binding.—Deeds executed by person not knowing what he did or the effect of such instruments, and not intending to convey property, may be set aside as not binding, and petition alleging such facts is not demurrable.

2. Insane Persons—Allegation that Plaintiff did Not Know what he was Doing Held Equivalent to Allegation that he was Out of his Mind.—Allegation that plaintiff did not know what he was doing when he executed two deeds sought to be set aside held equivalent to an allegation that he was out of his mind.

3. Deeds—What Constitutes Mental Incapacity of Grantor Invalidating Deed Stated.—To constitute mental incapacity invalidating deed, the grantor must have been incapable of comprehending the subject of the contract and its natural and probable consequences.

4. Pleading—Allegations in Suit to Set Aside Deeds Held Conclusions of Law.—In a suit to set aside deeds, allegations that, at the time the deeds were made, plaintiff was under lawful restraint and legal disability, and unable and absolutely incapable of making a lawful conveyance, held a mere conclusion of law adding nothing to the petition.

5. Pleading—Facts Must be Alleged in Petition, Not Conclusions of Law.—Facts must be alleged in petition, not conclusions of law.

6. Deeds—Requisites to Set Aside Deed for Fraudulent Misrepresentations Stated.—To set aside a deed for fraudulent misrepresentations, the representations must be set out, and it must appear that they were untrue, that the party making them knew or should have known them to be untrue, that they were made to induce

the other party to act, and that they were believed and relied upon, and that they pertained to material facts.

7. Deeds—Allegations of Petition to Set Aside Deed for Fraud Held too Vague to Justify Relief.—Allegation that defendant knew of plaintiff's incapacity, and induced and persuaded him to execute deeds, well knowing his incapacity, mental trouble, and suffering, and that plaintiff was induced and persuaded by the fraudulent acts and misrepresentations of defendant to execute the deeds, held too vague to set aside the deed on ground of fraud.

8. Limitation of Actions—Limitations Must be Pleaded, and Cannot be Relied on by Demurrer.—Limitations must be pleaded, and cannot be relied on by demurrer.

9. Limitation of Actions—Person is of Unsound Mind when Infirmity or Weight of Years Renders him Imbecile and Incompetent to Manage his Estate or to Understand Nature of Contract.—A person may be of unsound mind, within Kentucky Statutes, section 2525, extending period of limitations, when, on account of any infirmity or weight of years, he has become so imbecile as to render him incompetent to manage his estate, or to understand the subject of a contract, its nature and probable consequences.

10. Limitation of Actions—Statute of Limitation Does Not Run Against Person of Unsound Mind.—Statute of limitation does not run against right of person of unsound mind to set aside deeds for incapacity or fraud so long as the unsoundness continues, in view of Kentucky Statutes, section 2525, which qualifies sections 2519, 2522.

11. Limitation of Actions—Party Relying upon Limitation of Ten Years Against Suit to Set Aside Deed for Fraud Must Plead such Limitation.—A party relying on limitation of 10 years, within Kentucky Statutes, section 2519, against suit to set aside deed for fraud, must plead such limitation, and cannot rely upon a demurrer to the petition.

12. Limitation of Actions—Denial of Facts Alleged in Avoidance of Defense of Limitations Throws Burden on Plaintiff to Prove Facts.—In suit to set aside deed on ground of fraud, a denial by defendant of the facts alleged in the reply, in avoidance of limitations of 10 years prescribed by Kentucky Statutes, section 2519, throws the burden on plaintiff to prove such facts.

REDWINE & REDWINE for appellant.

BENTON & DAVIS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

This is an appeal from a judgment of the circuit court sustaining appellee's general demurrer to appellant's petition and dismissing the action. The facts

stated in the petition are these: Appellant, Jerrymiah Stair, is eighty-four years of age. Appellee, Jerry Lee Stair Gilbert, is his nephew. Appellant owned a tract of land in Clark county containing twenty-seven acres. A deed from appellant and his wife to appellee, Jerry Lee Stair Gilbert, dated December 2, 1908, is of record in the county clerk's office, whereby the first parties conveyed the land to him "and immediately at the death of the said first parties or the death of the one surviving last, it is to be the property of the said Jerry Lee Stair Gilbert, the said first parties are to have the right, if they desire, to make sale of and deed the same to any other party and reinvest the proceeds of same for the benefit of said Jerry Lee Stair Gilbert." A deed is also of record in the county clerk's office, dated April 1, 1916, from Jerrymiah Stair to Jerry Lee Stair Gilbert conveying to the latter the life interest of the former in the tract of land. There was no consideration for either of the deeds. Nothing was in fact paid. The appellant has no knowledge of ever having signed or executed either of the deeds. When each of them was executed he did not know what he was doing and did not know the meaning and effect of same. It was not his intent or purpose at any time to convey the property to appellee.

While the petition is very inaptly drawn it does state the above facts and these facts being admitted by the demurrer, the demurrer must be overruled, for if plaintiff did not know what he was doing, and did not know the meaning and effect of either instrument, and it was not his intent or purpose at any time to convey the property to appellee, the deed is not binding on him and may be set aside. The allegation that he did not know what he was doing is equivalent to an allegation that he was out of his mind. The demurrer admits that the deeds were executed without any consideration.

It is alleged in the petition that at the time each of these deeds were made appellant "was under lawful restraint and legal disability and unable and absolutely incapable at said time of making a lawful conveyance of any kind whatsoever." But this is a mere allegation of a conclusion of law and adds nothing to the petition, for facts must be alleged, not conclusions of law. The rule is that to constitute mental incapacity invalidating a deed, the grantor must have been incapable of comprehending or understanding the subject of the contract, its

natural and probable consequences. Williams v. Reese, 177 Ky. 679; Sikes v. Hurd, 195 Ky. 560.

It is also alleged in the petition that the appellee knew of appellant's incapacity and induced and persuaded him to execute both the conveyances, well knowing his incapacity, mental trouble and suffering and that appellant was induced and persuaded by the fraudulent acts and misrepresentations of the defendant to execute the deeds. But these allegations are entirely too vague to set aside the deed on the ground of fraud. The facts must be alleged. In order to have a deed set aside for fraudulent misrepresentations the representations must be set out and it must appear that the representations were untrue; that the party making them knew or should have known them to be untrue; that they were made to induce the other party to act; that they were believed and relied upon and that they were about material facts. Baker v. McDonald, 185 Ky. 470.

On the return of the case the plaintiff will be allowed to amend his petition if he desires to do so; for unless the defendant is informed of the misrepresentations relied on he will not know what charges he is to meet.

It is earnestly insisted that the demurrer was properly sustained to the petition so far as it sought to set aside the deed made in 1908, because the action was not brought within ten years after the deed was made. But the rule is well settled in Kentucky that limitation must be pleaded and cannot be relied on by demurrer. Davidson v. Ky. Coal Lands Co., 180 Ky. 121, and cases cited.

In so far as the deed is sought to be set aside on the ground of fraud the limitation is prescribed by section 2519, Kentucky Statutes. In so far as it is sought to be set aside on the ground of incapacity the limitation is prescribed by section 2522, Kentucky Statutes. But both of these sections are qualified by section 2525, which permits a person of unsound mind or under other disability to bring the action within the like number of years after the removal of such disability. A person may be of unsound mind when on account of any infirmity or weight of years he has become so imbecile as to render him incompetent to manage his estate, or to understand the subject of a contract, its nature and probable consequences and as long as such unsoundness exists the statute does not run against him.

Although section 2519 provides that no such action shall be brought after ten years, it is settled that in such cases the defendant must plead limitation if he relies upon it and then the plaintiff must by his reply set up facts sufficient to avoid the running of the statute and if these facts are denied the burden is on him to prove them. Swinebroad v. Wood, 123 Ky. 664; Yeager v. Bank of Kentucky, 125 Ky. 177; Baker v. Begley, 155 Ky. 234; Kirk v. Kirk, 167 Ky. 69. The objection is not raised by·demurrer to the petition.

Whether the statute would run against appellant when he did not know of the deed or from what time it should run are questions not now before the court or decided.

Judgment reversed and cause remanded for further proceedings consistent herewith.