## Davidson, et al. v. Falls.

(Decided June 25, 1926.)

### Appeal from Bell Circuit Court.

1. Pleading.—A demurrer to an answer relates back to petition, and, if petition is defective, should be sustained to petition.

2. Pleading—Where Writing Sued on is Not Copied in Petition, Substance of Writing Should be Set Out in Petition.—To be good, where writing sued on is not copied in petition, substance of writing should be set out in petition so that court may determine from reading petition whether writing shows contract relied on; it being necessary that facts be alleged, and not pleader's conclusion as to character of writing.

3. Bills and Notes.—Petition, in suit on notes, not alleging promise to pay money or when it was to be paid, or that there had been breach of contract, held demurrable.

4. Parties—In Suit on Notes Not Filed with Petition, Denial that Plaintiff was Holder Held to Put in Issue Plaintiff's Right to Maintain the action (Ky. Stats., Section 3720b-59).—In suit on notes not filed with petition, denial that plaintiff was holder of notes held not sham pleading, but to put in issue plaintiff's right to maintain action under Ky. Stats., section 3720b-59.

5. Bills and Notes.—Any defense that would be good against original holder is good against subsequent holder not in due course.

6. Bills and Notes.—Allegation that certain indorsements appeared on notes is not allegation that defendants made such indorsements, or sufficient allegation that plaintiff was holder in due course, within Ky. Stats., section 3720b-52.

7. Pleading.—When two facts are stated in the alternative in the answer, pleading is not good, unless each of facts is a good defense to the action.

8. Bills and Notes.—If plaintiff was holder in due course, that notes were obtained by fraud, and that this could have been learned by plaintiff by ordinary diligence before he acquired them, constituted no defense under Ky. Stats., section 3720b-56.

9. Bills and Notes—That Notes Sued on were Given for Stock Sold in Violation of Blue Sky Law Held no Defense Against Holder in Due Course (Ky. Stats., Section 466—Blue Sky Law [Ky. Stats., Sections 883e-1 to 883e-26]).—That notes sued on were given for corporate stock sold in violation of Blue Sky Law (Ky. Stats., sections 883e-1 to 883e-26), while a good defense against original holder, is not a good defense against holder in due course, since violation of statute only gives right of action to parties imposed on under Ky. Stats., section 466.

10. Bills and Notes.—In suit on notes not given in Tennessee, Tennessee statutes held to have no application.

JAMES H. JEFFRIES, THORNWELL G. ANDERSON and W. E. CABELL for appellants.

N. R. PATTERSON and JOHN HOWARD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

J. S. Falls brought this suit against C. P. Davidson and W. V. Tennant on two promissory notes for $2,500.00 each. The defendants filed answer to the petition in four paragraphs. The plaintiff filed a demurrer to the answer and each paragraph of it. The circuit court sustained the plaintiff's demurrer to the second, third and fourth paragraphs of the answer and without ruling on the first paragraph entered judgment in favor of the plaintiff when the defendants declined to plead further. The defendants appeal.

A demurrer to an answer relates back to the petition, and if the petition is defective should be sustained to the petition.

The material allegations of the petition are in these words:

"Plaintiff states that he is the owner of two (2) promissory notes executed by the defendants, C. P. Davidson and W. V. Tennant, payable to themselves

at the Citizens' Bank & Trust Company, Middlesboro, Kentucky, dated May 22, 1923, for twenty-five hundred dollars ($2,500.00) each. Plaintiff states that said notes were made on the regular form of the Citizens' Bank & Trust Company's customers' notes and bear interest from the said date, May 22, 1923, until paid, at the rate of six per cent. per annum. He states that the notes, according to same, were executed in Middlesboro, Kentucky, and were to be paid there.

"Plaintiff states that he is the holder of the said notes and is the owner thereof for valuable consideration in due course of business and that both of said writings are negotiable notes and were transferred to him as aforesaid. He states that both of said notes bear the following endorsements on the back: C. P. Davidson, W. V. Tennant, T. W. Crow, P. V. Channell, J. S. Falls."

In Huffaker v. National Bank, 12 Bush 287, this court thus stated the rule as to the necessary averments of a petition on a promissory note:

"Under our Code of Practice a promise or agreemeit must be averred to make the petition good, and the exhibition of the note sued on will not obviate the necessity of setting out the undertaking, promise, agreement, or undertaking by the makers of the note exhibited to pay to the payees the sum of money named therein. A petition founded on a promissory note must so set out the promise, its terms, and its breach as to enable the court to render a judgment upon the failure of the payors to make defense, without being compelled to resort to the note on file to ascertain these facts."

It does not appear from the petition here that the papers sued on were in fact promissory notes. To be good where the writing sued on is not copied in the petition the substance of the writing should be set out in the petition so that the court may determine from reading the petition whether the writing shows the contract relied on. The facts must be alleged and not the pleader's conclusions as to the character of the writing. The petition here does not show when the money was to be paid or that there had been a breach of the contract. The demurrer to the

answer should, therefore, have been carried back to the petition and sustained to it.

In the first paragraph of the answer the defendants admitted they signed and executed the two papers sued on, but they denied that the plaintiff is or ever was the holder of the papers or the owner of them or the owner for any consideration in due course of business or otherwise, or that either of the notes was ever transferred to plaintiff. Under the Negotiable Instrument Act an action on a promissory note may be prosecuted in the name of the holder. If the notes had been filed with the petition this would have shown that the plaintiff was the holder, but they were not in fact filed with the petition. The denial that he was the holder of the notes was, therefore, not a sham pleading and put in issue the plaintiff's right to maintain the action. McGowan v. People's Bank, 185 Ky. 20, 3 R. C. L., p. 991; 8 C. J., p. 820-824. Ky. Stats., sec. 3720b, subsec. 59, provides:

"Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

But while the holder may maintain the action in his own name, unless he is a holder in due course any defense that would be good against the original holder is good against him. The action seems to have proceeded on the idea that the plaintiff's petition alleged facts showing that the plaintiff was a holder in due course, but such is not the fact. The allegation that certain endorsements appear on the notes is not an allegation that the parties made these endorsements. It is not alleged that the plaintiff became the holder of the notes before maturity for value or without notice as provided in section 3720b, subsec. 52, Ky. Stats., which is as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"(1)   That the instrument is complete and regular upon its face.

"(2)   That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

"(3)   That he took it in good faith and for value.

"(4)   That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

In the second paragraph of the answer it was pleaded that the notes were obtained by fraud and that this could have been learned by plaintiff by ordinary diligence before he acquired them. This is the effect of the pleading, for when two facts are stated in the alternative the pleading is not good unless each of the facts is a good defense to the action. If the plaintiff was a holder in due course this paragraph constituted no defense under section 3720b, subsec. 56, Ky. Stats., which is as follows:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

In the third paragraph of the answer it was pleaded that the notes were given for stock in a copper corporation and that the stock was sold in violation of the Kentucky Blue Sky Law, Kentucky Statutes, 883e-1. This is a good defense against the original holder, but it is not a good defence against the holder in due course. The rule is thus laid down in 8 C. J.:

"As between the original parties, or the persons having only their rights, the illegality of the instrument or of the consideration therefor, is a good defense." P. 766.

"Except where it is otherwise provided by statute, the fact that a bill or a note is illegal, either because of defects in its execution or because of the illegality of its consideration, which is either *malum in se* or *malum prohibitum*, is not a defense against a *bona fide* holder in due course, even where it is given in direct violation of a statute, or where the consideration is against public policy, unless a statute expressly or by necessary implication de-

clares the contract or instrument absolutely void."
P. 767.

The Blue Sky Law does not declare void transactions had in violation of the act. It only imposes a penalty upon the person selling the stock in violation of the act. This, under section 466, Ky. Stats., gives a right of action to the party who was thus imposed on. But the note in the hands of a holder in due course is not affected.

In the fourth paragraph of the answer the defendant pleaded the Tennessee statute. But that act only applies to "a note or other legal security given in this state." The notes here sued on were not given in Tennessee and therefore that act has no application. The demurrer to this paragraph of the answer was properly sustained.

In Evans v. Stone, 80 Ky. 78, it was held that in an action on a promissory note a plea that the note was obtained by fraud, covin and deceit, without stating the facts, was sufficient, but the court has refused to apply this rule in suits on other contracts, Speed v. Willow Springs Distilling Co., 140 Ky. 269; and it is hard to see why one rule should apply to promissory notes and another to other contracts. Logically, under the Code, the facts should in all cases be pleaded. Newman on Pleading, section 425F. Evans v. Stone and the cases following it, so far as they conflict herewith, are disapproved.

On the return of the case to the circuit court the plaintiff and the defendants will each be allowed to amend their pleadings.

Judgment reversed and cause remanded for further proceedings consistent herewith.