## B. C. Napier & Company, et al. v. Feltner.

(Decided November 12, 1926.)

### Appeal from Perry Circuit Court.

1. Bills and Notes.—Plea that note sued on was procured by fraud, misrepresentation, covin, and deceit is insufficient, without stating facts.
2. Bills and Notes—Pleading.—Plea in answer that note sued on was obtained without consideration is sufficient as a statement of fact, and hence sustaining of demurrer to answer, though insufficint in other respects, was error.
3 Appeal and Error.—Judgment setting aside default judgment, under Civil Code of Practice, section 518 et seq., not appealed from, cannot be reviewed on appeal from judgment on petition, after sustaining demurrer to answer.

NAPIER & HELM for appellants.

J. G. BEGLEY and MORGAN & EVERSOLE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In this suit on a promissory note brought by appellee against the appellants a demurrer was sustained to the appellants' original answer. Thereafter they filed an amended answer. A demurrer was sustained to this amended answer, and, on motion, it was ordered stricken from the files. Judgment was thereupon entered on the petition and the appellants bring this appeal. The only question we have to determine concerns the sufficiency of this amended answer. It pleads that the note sued on herein "was procured and obtained by the plaintiff, W. R. Feltner, by fraud, misrepresentation, covin and deceit; that it was obtained and procured without consideration."

So far as the plea of fraud, misrepresentation, covin and deceit is concerned, this plea was insufficient. The case of Evans v. Stone, 80 Ky. 78, and the other cases following that case, under which a plea of fraud like the one here present has been upheld, were overruled in the recent case of Davidson v. Falls, 215 Ky. 368, 285 S. W. 209. We there said that a plea that a note was obtained by fraud, covin and deceit without stating the facts was insufficient. To the same effect is Brenard Manufacturing Co. v. Raffel, 214 Ky. 604, 283 S. W. 964. However,

we think the plea of no consideration, as stated here, was sufficient. The petition alleged that the appellants had made, executed and delivered this note to the appellee. This allegation was not denied by the amended answer, which did say, however, that the appellee obtained and procured the note from the appellants "without consideration." This is a statement of fact. Since the plea of no consideration was sufficient, it results that the court erred in sustaining the demurrer to this amended answer and counterclaim, and then striking it from the files, and for this reason its judgment must be reversed.

We have not overlooked appellee's contention that the lower court should not have set aside a default judgment entered against appellants at the outset of this litigation. But that judgment was set aside by a proceeding under section 518, et seq., of the Code, and appellee has prosecuted no appeal from the judgment in such proceeding setting aside the default judgment mentioned. Under such circumstances, it is obvious that we are without power to consider appellee's contention in this regard.