## Cummings et al. v. Delph's Committee.

(Decided Dec. 18, 1934.)

JOS. J. KAPLAN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This action was brought in equity by the Liberty Bank & Trust Company, committee of Lula Delph, against Julia and C. Cummings, to recover on a note they had executed and delivered it, evidencing the balance of the consideration for a house and lot it had sold and deeded them, and to enforce a lien thereon to satisfy the note.

To escape payment, they filed an answer of twenty pages, comprising six paragraphs.

It is entirely unnecessary to reproduce the substance of their answer and counterclaim to dispose of, fairly and properly, their asserted defenses.

In a number of its paragraphs they aver that the deed delivered them contained certain provisions in conflict, and not in accordance, with a contract between the parties antedating the deed, concerning the sale to them of the house and lot by the Liberty Bank & Trust Company, and that the same were fraudulently inserted in the deed, and thereby "they were thrown off of their guard and led to believe" the deed conformed to this anterior contract.

They also alleged that the officer of the Liberty Bank & Trust Company who signed and acknowledged the deed was without authority so to do. They prayed that the note and the deed be "cancelled, annulled and

rescinded.'' After the delivery of the deed to them and before the institution of this action, they had paid, of the agreed consideration, $2,400. They sought to recover this sum of the Liberty Bank & Trust Company, as committee.

The court sustained a demurrer to each paragraph of the answer, except in so far as paragraph 4 pleaded the vice president of the Liberty Bank & Trust Company was unauthorized to execute and deliver the deed. It was further determined by the court that the prayer of the answer be considered as including a request for the reformation of the deed, and that the proper officer of the bank be required to execute the deed in the event the vice president was without authority to execute and acknowledge it at the time he did so. To this extent the demurrer was overruled. A reply was filed, setting out fully the authority of the vice president to execute, acknowledge, and deliver the deed. The reply was not controverted either of record or by pleading.

The Cummingses are here complaining, insisting the court erred in sustaining the demurrer to each paragraph of the answer.

It is a familiar rule that where an answer contains more than one paragraph the facts stated in each must be sufficient to constitute within itself a defense. One paragraph cannot be brought in aid of the allegations of another unless proper reference is made to such other paragraph. Black v. Holloway, 41 S. W. 576, 19 Ky. Law Rep. 694; Louisville & N. R. Co. v. Adams, 148 Ky. 513, 147 S. W. 384; Newman on Pleadings & Practice, sec. 426D. True it is the first paragraph of the answer controverted the allegations of the petition, ''except as hereinafter stated''; but this form of denial is a negative pregnant, and not good on a demurrer. White v. City of Williamsburg, 213 Ky. 90, 280 S. W. 486; Boeckley v. Central Savings Bank & Trust Co. et al., 205 Ky. 508, 266 S. W. 15.

Aside from this, the allegations of the second paragraph of the answer substantially admits the truth of all the allegations of the petition, and when the answer is taken as a whole, it admits the truth of its allegations.

The question of the authority of the vice president who signed, acknowledged, and delivered the deed in controversy and accepted the note sued on, was eliminated by the failure to deny the allegations of the reply, setting out the facts, showing his authority.

The allegations of each paragraph of the answer, declaring that the deed contained conditions and provisions in conflict with, and included others not in, the contract of sale, or title bond, are no more than the conclusions of the pleader. The antecedent contract, if any, between the parties, and its conditions, terms, and provisions, are not set forth in either paragraph of the answer, and it is not filed as an exhibit. Nor are any facts, showing, or tending to show, fraud, false or fraudulent representations stated therein. The allegations of the answer appertaining to these subjects are no more than the conclusions of the pleader, which render each paragraph insufficient on the demurrer.

To set aside a deed for fraudulent misrepresentations, the representations must be set out, and it must appear that they were untrue, that the party making them knew or should have known them to be untrue, that they were made to induce the other party to act, that they were believed and relied upon, and that they pertained to material facts. Stair v. Jerry Lee Stair Gilbert, 209 Ky. 243, 272 S. W. 732.

The Cummingses, in their brief, admit that the ultimate facts upon which their defense of breach of contract, fraud, false and fraudulent representations, are not stated in their answer. To sustain their argument they admit that notwithstanding the facts showing, the claimed breach of contract, fraud and fraudulent representations, are not pleaded, and cite to us, and rely on, Evans v. Stone, 80 Ky. 78.

The case of Evans v. Stone, and the other cases following it under which a plea, like those here presented, has been upheld, were overruled in the recent case of Davidson v. Falls, 215 Ky. 368, 285 S. W. 209. To the same effect, see Brenard Mfg. Co. v. Raffel, 214 Ky. 604, 283 S. W. 964; B. C. Napier & Co. et al. v. Feltner, 216 Ky. 509, 287 S. W. 974. We there held that a plea that a note or an instrument was obtained by fraud, covin, and deceit, without stating the facts, was insufficient when tested by a demurrer.

The insufficiency of the allegations of each paragraph of the answer is strikingly similar to those in Worden v. Kennedy, 246 Ky. 716, 56 S. W. (2d) 329, and in Grand Lodge of Kentucky v. First National Bank of Kentucky, 251 Ky. 189, 64 S. W. (2d) 474.

During the pendency of the action, a receiver was

appointed to take charge of the house and lot, with authority to collect and report to the court the rents derived herefrom. An appeal was prayed from the order appointing the receiver, but the statement of appeal herein, which is required by section 739 of the Civil Code of Practice, is not sufficient to constitute an appeal from the order appointing the receiver. Their statement of appeal designates the judgment overruling the demurrer to the answer, decreeing a personal judgment, and directing the sale of the property, as the judgment appealed from; therefore, we decline to review the order of the court appointing a receiver.

Wherefore, the judgment is affirmed on the original and cross appeal.