## Cummings et al. v. Delph's Committee.

(Decided Jan. 21, 1936.)

H. B. JONES for appellants.

JOSEPH J. KAPLAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On December 18, 1931, the Liberty Bank & Trust Company, committee of Lula Delph, sold and conveyed to Julia Cummings and C. Cummings a house and lot in Louisville. The consideration was $1,600 cash and three notes for $1,600 each, payable in one, two, and three years, and secured by a lien on the property. The purchasers failed to pay as required by the deed, and the Liberty Bank & Trust Company, committee of Lula Delph, brought suit to recover on the notes and enforce the vendor's lien. The purchasers filed an answer and counterclaim containing several paragraphs, to each of which a demurrer was sustained. The cause was submitted for judgment on the record, and on March 3, 1934, the court delivered the following written opinion:

"Motion of plaintiff for judgment on pleadings sustained. Counsel to draw judgment in usual

form. I am not yet prepared to reverse the practice of withholding deficiency judgments until the results of the sale be ascertained. I realize in this particular case that this precedent works a peculiar hardship on plaintiff as it is the money (present liquid asset) that is needed rather than the land (deferred asset under the present circumstances). The best I can do, however, is to follow the practice until I have an opportunity to confer with the other judges of this circuit with a view to reversing it."

The decree was entered adjudging that Julia Cummings and C. Cummings "are indebted to the plaintiff, Liberty Bank & Trust Company, Committee of Lula Delph, in the sum of $4,800.00 with interest at the rate of 6% per annum from December 21, 1932, until paid, and for its costs herein expended," and ordering a sale of the property. On the same day plaintiff moved the court to extend its order of March 3, 1934, so as to include in same a personal judgment against the defendants, which motion was overruled. The defendants prosecuted an appeal from the judgment, and plaintiff prosecuted and was granted a cross-appeal from the order of the court refusing a personal judgment. The judgment was affirmed on both the original and cross-appeal. Cummings et al. v. Delph's Committee, 256 Ky. 849, 77 S. W. (2d) 353.

On the return of the case, plaintiff moved the court for a deficiency judgment. The motion was resisted on the ground that the former order of the court denying plaintiff a personal judgment, which order was affirmed by this court on cross-appeal, was binding and conclusive, and the chancellor was without power to change it. Doubtless there would be merit in this contention if it had been decided that under no circumstances was plaintiff entitled to a personal judgment and the right thereto had been denied in toto and for all time. But that is not the situation. On the contrary, it is apparent from the record that the right to a personal judgment was not denied for all time, but under the rule prevailing in the Louisville courts was merely postponed until the amount of the deficiency could be ascertained. In the circumstances, the order overruling the motion for a personal judgment, though affirmed by this court, did not foreclose the question for all time or put it out of the power of the chancellor to award

a personal judgment after the property had been sold and the amount of the deficiency had been ascertained. To hold otherwise would give an effect to the order never intended by the chancellor.

Judgment affirmed.