## Muenninghoff v. Friedlander.

June 11, 1943.

Fisher & Seidman and Thomas C. Fisher for appellant.
Allen, Dinning & Clarke and J. Donald Dinning for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This action was brought by appellant against appellee in the Jefferson circuit court to recover an alleged indebtedness to appellant amounting to $600, which plaintiff (appellant) alleged she loaned to defendant (appellee) at different times and in different amounts in the fall of 1930—all of which defendant agreed and promised to pay on or before January 1, 1931. Two of the alleged loaning transactions rested altogether in parol, there being no writing of any kind executed then or thereafter evidencing them; but the first loan, made on September 20, 1930, was evidenced by a writing. Clearly the right of action on the other two alleged loans became barred by the Statute of Limitations, KRS 413.120, five years after January 1, 1931, their respective alleged due dates, which was January 1, 1936; but the action was not filed until December 23, 1940, nearly ten years after maturity of all the loans.

In her petition plaintiff alleged in three separate paragraphs the lending transactions declared on by her and in the third paragraph—after setting out the one therein sought to be recovered—the pleading said: "That the defendant within five years next before the filing of this petition promised and agreed to repay said sum, and all other sums which the defendant owes this plaintiff." That allegation was immediately followed with the prayer for a judgment against defendant "in the sum of $600.00 from January 1, 1931." Defendant answered and admitted that she borrowed from plaintiff $100 at the time the writing she signed was executed, but she claimed that it had been altered without her consent so as to increase the amount to $200. She denied having borrowed from plaintiff the other two items of $100 and

$300, which were the two parol loans declared upon. Limitation was also pleaded. Following pleadings made the issues and upon trial after evidence heard the court submitted to the jury the issue as to whether the first lending transaction declared on, at which a writing was executed by defendant, was for the sum of $100 admitted by defendant, or $200 as contended by plaintiff.

But the court sustained defendant's motion for a peremptory instruction as to the two verbal loans declared on in the other two paragraphs of the petition, not because—as the court stated—the proof was insufficient to sustain them, but because the evidence did not sustain the alleged new promise by defendant to pay them, made within five years preceding the filing of the action. The court, however, did not rule in making that order that plaintiff's petition was insufficient to sustain a recovery on the new promise, if any, made after limitations had run. The ruling, as we have said, was based entirely upon the insufficiency of the proof to establish a new promise. The jury returned a verdict in favor of plaintiff for the sum of $200, which has been paid and satisfied, but plaintiff, complaining of the court's ruling as to the balance of her debt, amounting to $400, has filed the record in this court with a motion for an appeal, which is now sustained and the appeal granted.

It will be seen that the only questions presented for determination are: (1) Whether or not a new promise was made within five years preceding the filing of the petition whereby defendant agreed to pay plaintiff the indebtedness she seeks to recover, and (2) whether the pleadings of plaintiff are sufficient to base a recovery on such new promise if made, since the law is well settled that a new promise made after the bar must form the basis of the action to the exclusion of the original promise, Thornton's Adm'r v. Minton's Ex'r, 250 Ky. 805, 64 S. W. (2d) 158, and Cox v. Monday, 264 Ky. 805, 95 S. W. (2d) 785, there being no departures in any of our opinions or elsewhere from that requirement. The questions will be determined in the order named.

The testimony relating to question (1), as we construe it, clearly establishes the fact—or at least furnishes evidence for the jury to find—that such a promise was made, from which it necessarily follows that the court was in error in determining otherwise. To begin with, the testimony undoubtedly portrays defendant as

possessing a more or less scheming and subtle disposition. At the time of the transactions here involved she had been divorced from two prior husbands and claimed that her last husband had not paid to her the alimony allowance adjudged to her in their divorce proceedings. Furthermore, she claimed that she had a $5,000 diamond ring in the hands of a pawn broker in New York upon which she had borrowed some money and was threatened with a forfeiture of it unless redeemed according to the terms of the pledge within a short time in the future. She furnished plaintiff with a list of her holdings, consisting of a valuable farm of some 400 or 500 acres in Logan county, Kentucky, well stocked and equipped with farm implements, together with a well furnished and costly residence, but represented that she had only a limited amount of cash. She, therefore, appealed to plaintiff to come to her rescue by lending her the necessary sums and amounts for traveling expenses to look after such pressing matters.

Plaintiff, as displayed by her testimony, seems to be a confiding and credulous individual, believing all of the representations made to her by defendant which, plus their friendship—formed by more or less prior associations—finally induced her to make the loans from funds she had accumulated and saved by parsimonious economy. No payment on any of them was ever made by defendant, although in the meantime plaintiff made numerous demands and requests for payment. Correspondence between the two was kept up and defendant in many of her letters made statements clearly implying her intention to pay to plaintiff the borrowed sums but she never expressly so stated in specific terms. She pictured in glowing terms the future for herself, and plaintiff and her husband when the oppressing clouds above mentioned were evaporated and became removed, at which time the "sun would shine brighter" for all of them. As a part of her beguiling tactics she framed her will, a copy of which she enclosed to plaintiff, and in which she purported to devise to plaintiff and her husband as much as three-fourths of all she had represented to be her estate. Such is the background painted by the record and which we are convinced fortifies our conclusion above expressed. However, the case does not and could not be determined from such considerations alone, and for which reason we will now turn to the testimony

relating to the new promise, and which is that given by plaintiff herself.

As we have said, plaintiff was not only a credulous and confiding creature, but she was also somewhat loquacious in her conversation, as her testimony depicts, and of course, she was entirely unfamiliar with legal questions and courthouse procedure. Therefore, she became somewhat confused in giving her testimony, but there was one point in her testimony from which she never deviated, and which was that on some of the many occasions when she demanded payment of defendant, when meeting her in the city of Louisville at different times and places, she acknowledged her indebtedness of $600 to plaintiff, and in at least one of them she expressly promised to pay it. Illustrating plaintiff's testimony on the point under consideration, she testified that "She said she knew she owed me $600.00" and after plaintiff had demanded from her payment of the $600 which she owed that "She said 'I know it; I am going to make things all right with you.'" At another place she testified "Every time I spoke to her she said 'I am going— you will get your $600.00.'" She was asked on cross-examination: "Are you positive she mentioned $600.00?" (referring to one particular occasion) to which she answered: "No, I think it was one time I met her in town. I said 'You owe me $600.00,' and she said 'Yes, I know I owe you $600.00.'" In testifying about different occasions she stated that one of them occurred in the rest room in one of the banks in Louisville, on which occasion defendant talked more freely than at other times—she having objected to discussing the matter on the streets or at any place where the conversation might be heard— and in that conversation she expressly acknowledged her indebtedness of $600 to plaintiff.

The law, as announced by most, if not all, the courts, implies a promise to pay from an express acknowledgment of the debt, but plaintiff's testimony is amply sufficient—according to our interpretation of it—to not only prove such an express acknowledgment, but likewise to prove an express promise of payment, and which we conclude is sufficient to meet the rule that such a new promise must be proven by clear and convincing testimony. That rule does not mean that the court is authorized to hold that the "clear and convincing rule" has not been met if the debtor denies the plaintiff's testimony

concerning it. In this case we have the positive testimony of plaintiff, together with the dubious expressions of defendant in her letters—as well as in her testimony —in support of the new promise, and which is denied only by defendant's dubious testimony. It was, therefore, a question for the jury to determine whether or not the rule of clear and convincing proof was met just as it is a requirement for the jury in a criminal prosecution to determine whether the defendant's guilt has been proven "beyond a reasonable doubt." Therefore, it is our conclusion that the court erred in giving the peremptory instruction upon the ground stated by it.

■ We come next to the disposition of question (2), which involves a rule of pleading. Defendant's brief is practically based upon the contention that the requirements of our Civil Code of Practice with reference to proper pleading were not complied with, and for which reason the court's peremptory instruction in favor of his client was proper. Such argument is based on subsection 3 of section 113 of our Civil Code of Practice, which says that "If there be more than one (paragraph), each must be distinctly stated in a separate, numbered paragraph; and either, which is intended to respond to part only of an adverse pleading, must show to what part it is responsive." It is, therefore, contended by counsel that there was no averment of a new promise in plaintiff's petition to pay the indebtedness mentioned in its first two paragraphs, and that the averment to that effect as contained in its third paragraph can not be made to apply to its two preceding ones. To begin with, that interpretation is extremely technical, since if the draftsman of the petition had numbered the new promise, pleaded in its third paragraph, as a fourth paragraph, or in an amended petition, then there could be no doubt but that such pleadings would apply to all of the paragraphs contained in the pleading, since the new promise (as alleged in the third paragraph of the petition) would then expressly say that it was made not only as to the item of indebtedness declared on in that paragraph, but also as to the other indebtedness declared on in all preceding paragraphs of the same pleading.

We are aware of the rule relied on by defendant's counsel to the effect that each paragraph must itself allege a cause of action or defense but they contend that one paragraph may not be amended, qualified or en-

larged by anything contained in another paragraph, unless the one so amended is expressly referred to in the amending paragraph, and cases are cited and relied on to support that contention. Learned counsel, therefore, argue that no new promise is pleaded in the plaintiff's petition, covering the items of her indebtedness set out in its paragraphs one and two. But we do not gather from the subsection of the Civil Code, supra, that a paragraph—though setting out a cause of action—may not support a new promise later pleaded, though made after the bar of the claim set out in such paragraph. In fact, as pointed out in the case of Cummings v. Delph's Committee, 256 Ky. 849, 77 S. W. (2d) 353, the rule of pleading, as set out in subsection 3 of section 113 of the Civil Code of Practice, supra, is more applicable to responsive pleadings than to the one responded to, thereby requiring such response to specifically point out the paragraph to which it responds. It is a familiar rule that a pleading, though based upon a cause of action which is barred is good, although the plea of limitations, if made and sustained, would defeat it. Neither paragraphs one and two of plaintiff's petition failed to state a cause of action, although each of them might be defeated by a responsive plea of the limitation statute. To prevent that, and in anticipation of such a plea, the third paragraph not only averred a third item of indebtedness therein, but also averred that such item, as well as those declared on in preceding paragraphs, were acknowledged by defendant with a promise to pay them, which she made within five years preceding the filing of the action. Immediately following such averments the petition prayed for the recovery of a judgment for the aggregate amount of all of the three items relied on in the three paragraphs of her petition.

It may be conceded that the new promise set out at the end of paragraph three of plaintiff's petition was inartificially arranged in that pleading, as well as inartificially stated. Instead of the language, that defendant had made the new promise as to all of plaintiff's indebtedness, the pleading would have been more accurately formal and more specifically perfect if it had said that the new promise was made with reference to the items of indebtedness declared on in the preceding paragraph. Also, as we have said, it would have been sufficient if, instead of pleading it in paragraph three it had been done in a separate paragraph four. The law should not

be so technically construed as to destroy the rights of litigants, since courts regard and are governed by substance rather than the shadow. We, therefore, conclude that plaintiff's petition was not only sufficient—when interpreted in the light of the policy of the law supra— to charge and seek recovery upon a new promise made by defendant to pay plaintiff her indebtedness, but that the allegation with reference thereto, though made in the last paragraph of the petition, applied to all of the indebtedness declared on in all of the paragraphs of that pleading. It, therefore, follows that the court erred in excluding from the jury the issue as to the making of the new promise after the bar of the statute.

Wherefore, the judgment is reversed as to the $400 with directions to set it aside and for proceedings consistent with this opinion. The Whole Court sitting.