## New York Life Insurance Company v. Long.

(Decided November 22, 1921.)

### Appeal from Logan Circuit Court.

1. Insurance—Application—Evidence.—Sections 656 and 679, Kentucky Statutes, when construed together, have been held by this court to apply alike to old-line and co-operative companies, and the rule of evidence stated in section 679 is read into the provisions of section 656.

2. Insurance—Documents—Bylaws—Evidence.—But there being no provision in section 656 referring to the use of applications, bylaws or other documents in evidence, standing alone that section does not prohibit the use of such documents as evidence by the defendant company where same is not embraced in or attached to the policy.

3. Insurance—Contract Made in Another State—Extra Territorial Effect.—Our statute (section 679) having no extra-territorial effect, in an action in this state to enforce a contract made in another state in which state there is no statute similar to section 679, but which has a statute in substance the same as 656, the application of the insured is competent in evidence on the issue of false and fraudulent misrepresentation even though it be not incorporated in or attached to the policy.

W. V. PERRY, BRUCE & BULLITT and GROVER G. SALES for appellant.

S. R. CREWDSON, S. Y. TRIMBLE and TRIMBLE & BELL for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

On a former appeal in this case (New York Life Insurance Company v. Long, 177 Ky. 445) the judgment against appellant was reversed because of the refusal of the lower court to permit it to file an amended answer pleading in substance that the contract of insurance sued on was made and entered into in the state of Wyoming and that in Wyoming there is no law or statute similar in terms or in purport to section 679 of the Kentucky Statutes nor any law or statute of that state which in terms or in purport requires that the application for a policy of insurance shall be attached to or contained in the policy issued upon such application, nor any such law or statute therein providing in terms or in purport that unless such application shall be contained in or attached to the policy it shall not be received as evidence between the parties to the policy or those interested therein, or shall not be considered a part of the policy between such parties.

In obedience to the mandate, when the case was returned to the circuit court the amendment was filed and thereafter the issues presented therein were made between the parties.

On the trial the burden being on the defendant to establish the fraudulent misrepresentation relied upon in

its original answer, as set forth in the former opinion, it was developed that there is and was at the time the policy was issued a statute of the state of Wyoming which it is claimed by the appellee is the same in substance and purport as our sections 679 and 656 and that, therefore, the statements in the application of the insured not being attached to or made a part of the policy of insurance, were incompetent evidence against the appellee, the beneficiary in that policy. On the contrary, appellant contends that the Wyoming statute is in substance and effect only the same as our statute, section 656, and that section 656 when standing alone and interpreted by and of itself without regard to the provisions of section 679, is only a statute prohibiting rebates and deals wholly with that subject, and is not, unless interpreted in connection with section 679, a statute fixing a rule of evidence and, therefore, in the state of Wyoming there is no statute prohibiting the use of an application for a policy of insurance as evidence where the same is not incorporated in the policy or attached thereto.

The lower court took the former view and held that the Wyoming statute was in its general purport and effect the same as our statute and refused to hear in evidence the statements in the application, and directed the jury to return a verdict for the plaintiff, which was done, and the insurance company has appealed.

Sections 656 and 679 are each a part of article 4 of the chapter on private corporations, section 656 being a part of subdivision 2 in that article on life insurance, and section 679 a part of subdivision 3 thereof on assessment or co-operative life insurance.

Section 656 is as follows:

"No life insurance company doing business in Kentucky shall make or permit any distinction or discrimination in favor of individuals between insurants of the same class and equal expectation of life in the amount or payment of premiums or rates charged for the policies of life or endowment insurance, or in the dividends or other benefit payable thereon, or in any other of the terms and conditions of the contracts it makes; nor shall any such company or any agent thereof make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy issued thereon; nor shall any such company or agent pay or allow, or offer to pay or allow, as inducement to insurance, any rebate of premium payable on the policy, or any special

favor or advantage in the dividends or other benefit to accrue thereon, or any valuable consideration, or inducement whatever not specified in the policy or contract of insurance. . . . "

Section 679 is as follows:

"All policies or certificates hereafter issued to persons within the Commonwealth of Kentucky by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured, or the bylaws, or the rules of the corporation, either as forming part of the policy or contract between the parties thereto, or as having any bearing on said contract, shall have such application, bylaws and rules, or the parts thereof relied upon as forming part of the policy or contract between the parties thereto, or having any bearing on said contract attached to the policy or certificate, or printed on the face or reverse side thereof, and unless either so attached and accompanying the policy, or printed on the face or reverse side thereof, shall not be received as evidence in any action for the recovery of benefits provided by the policy or certificate, and shall not be considered a part of the policy, or of the contract between the parties. . . . "

The section of the Wyoming statute in question is as follows:

"No life insurance company doing business in this state, shall make or permit any distinction or discrimination in favor of individuals between insurants (the insured) of the same class and equal expectation of life in the amount or payment of premiums or rates charged for policies of life or endowment insurance, or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the contracts it makes; nor shall any such company or agent thereof make any contract of insurance or agreement as to such contract other than as plainly expressed in the policy issued thereon; nor shall any such company or any officer, agent, solicitor or representative thereof pay, allow or give, or offer to pay, allow or give, directly or indirectly, as inducement to insurance any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefits to accrue thereon, or any paid employment or contract for services of any kind or any valuable consideration or inducement whatever not specified in the policy contract of insurance; or give, sell or

purchase, or offer to give, sell or purchase as inducement to insurance or in connection therewith any stocks, bonds or other securities of any insurance company or other corporation, association or partnership, or any dividends or profits to accrue thereon or anything of value whatsoever not specified in the policy.''

The evidence of three Wyoming lawyers is to the effect that there is in that state no law or statute similar to section 679 of the Kentucky Statutes, and that the statute of Wyoming quoted above has never been construed by the highest court of that state, but is regarded by the profession therein to be only a statute prohibiting rebates by insurance companies and their agents.

It was held in a former opinion in this case that our own statute (section 679) has no extra-territorial effect, and it has been shown that the only statute in the state of Wyoming, where the contract was made is the one quoted and which is relied on by appellee and which is in substance the same as our section 656. The question seems to be, in the absence of any interpretation whatever by the courts of Wyoming, whether that statute standing alone shall be interpreted to prevent the introduction in evidence of the application of the insured on the issue of false and fraudulent misrepresentation when the application is not incorporated in the policy or attached thereto.

It, therefore, becomes our duty, in the absence of authority from Wyoming, to construe that statute just as we would construe section 656 of our own statute if it stood alone and there was no such statute as section 679.

The case chiefly relied on by appellee is that of Providence Savings Life Insurance Society v. Puryear's Administrator, 109 Ky. 381; and if that case were the only one in this jurisdiction interpreting the two sections of our statute involved it might be considered controlling authority on that question. While there the court held that section 679 applied only to assessment or co-operative life insurance companies it proceeded to interpret the two sections together, and said:

''But, while this is true, we think it proper to look at this section in determining the legislative intent, as both sections are contained in the same act, and are the work of the same legislature. And when the words of one section are capable of two constructions, in determining which construction is proper the court should look to

the entire act, to learn the true legislative intent, and enforce it. There can be no good reason why the application should be attached to the policy of an assessment company and not be attached to the policy of the old line companies. We are satisfied that the legislature, in section 656, relating to the old line companies, had the same thing in mind as in section 679, relating to the co-operative companies.''

Standing alone that opinion would seem to bear out the contention of appellees, but in the later case of Letzler's Administrator v. Pacific Mutual Life Insurance Company, 119 Ky. 924, where a similar question was involved, this court in construing its opinion in the Puryear case and other similar cases, said:

''The ruling in the cases referred to rests upon the ground that there is enough in the statute, taking the two sections together, to show that the legislature had in mind the same thing as to both companies in providing that the policy must contain the whole contract.''

In other words, as we gather from the two opinions, section 656 and 679 when construed together, one referring only to old line companies and the other only to co-operative companies, mean that unless the application, constitution, bylaws or other rules are either incorporated in or attached to the policy they shall not be received in evidence in this state.

But the Wyoming statute similar to our section 656 stands alone; there is no section 679 in that state to construe in connection with it; there is no section 679 which may be read into it.

Prior to the enactment of section 679 an insurance company in a suit against it on a policy might rely upon the written application made by the insured to procure the policy, or upon its bylaws or constitution as a part of the contract, although neither the original nor any copy of any of them was contained in, referred to or attached to the policy. Western & Southern Life Ins. Co. v. Weber, 183 Ky. 32. And the section (679) was enacted as a rule of evidence to prevent insurance companies from relying in defense of actions against them, upon such papers unless they were either incorporated in the policy or copies of them attached to it. Section 679 on its face shows that it is only a rule of evidence prohibiting the use of such papers as evidence, and the plain reason for the enactment was to change the rule of evidence so that the

insured would have with his policy all the records or papers which might be used as evidence against him.

But section 656 was enacted in an entirely different subdivision, and deals with an entirely different subject. There is no provision in it referring in any manner to the use of applications, bylaws, constitutions or other documents in evidence; it is essentially a penal statute, prohibiting the granting of rebates and fixing a penalty therefor.

But section 656 does say, "nor shall any such company or any agent thereof make any contract of insurance or agreement as to such contract other than is plainly expressed in the policy issued thereon," and this court has thought it wise to place the old line companies and the co-operative companies on the same basis by reading into that last quoted provision of section 656 the provisions of section 679 which, admittedly, only applies to co-operative companies.

But if there was no section containing in substance the provisions of section 679, the court could not possibly read into section 656 any such provision, and thereby make section 656 contain the rule of evidence which is only stated in section 679. The other evidence for defendant authorized the submission of the case to the jury if the application was competent.

It is our conclusion, therefore, that section 656—the Wyoming statute being in substance the same—when construed alone is not a rule of evidence which prohibits the introduction in evidence by an insurance company in an action on a policy the application of the insured, or its bylaws or constitution, even though they be not incorporated in or attached to the policy; and it follows that the court erred in not permitting the introduction of the application in evidence. The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.