## Hardesty v. Hardesty's Executor et al.

(Decided November 25, 1930.)

810

NUNN & WALLER for appellant.

FLOURNOY & FLOURNOY and G. L. DRURY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Prior to their marriage, Tryphenia Hardesty, formerly Tryphenia Wheeler, and A. H. Hardesty entered into the following contract:

> "A contract of marriage by and between A. H. Hardesty and Mrs. T. H. Wheeler by which the said parties agree to contract marriage and live together as man and wife until death separates them. The said A. H. Hardesty agrees that the said Mrs. Wheeler shall have a good home and if he dies first she shall have a $500.00 Liberty Bond which he now owns and whatever property that she may put in their home. The said Mrs. Wheeler agrees and accepts this proposition."

Early in the year 1929, A. H. Hardesty died, survived by his widow, Tryphenia Hardesty, and several children. At the time of his death he owned a tract of land in Union county containing 28 acres, and a two-thirds interest in another tract containing about 16 acres.

In addition to the $500 Liberty bond mentioned in the marriage contract, he owned personal property which was appraised at $1,070.96, though it is claimed that this includes certain notes executed by his children and which were uncollectible. By his will, which was duly probated in the Union county court, A. H. Hardesty provided that the $500 Liberty bond then on deposit in the Bank of Waverly should belong to his widow, and that in addition to the bond she was to have the net rent and profits of the farm on which he then lived after the payment of taxes and upkeep, so long as she remained his widow. The will also contained the provision that, after the death or marriage of his wife, all his real estate and personal property should be sold by his executor, and the proceeds divided among his children, share and share alike. T. O. Whelan was appointed and qualified as executor of the will. Within the time required by law his widow, Tryphenia Hardesty, renounced the will and elected to take her dower and distributive share of the estate.

This action was brought by the executor and children of the testator against his widow for a settlement and distribution of the estate. The widow's demurrer to the petition having been overruled, she filed an answer and cross-petition denying certain allegations of the petition, and asserting her right to dower and to share in the personal estate of the testator. She also asserted claim to certain personal property that was brought to the farm by her. To this pleading the court sustained a demurrer, and the widow having declined to plead further, the court adjudged that she had no interest in the real or personal estate of A. H. Hardesty, except the $500 Liberty bond. From that judgment the widow appeals.

The ground on which the demurrer was sustained to the answer and cross-petition was that the provision made in the marriage contract was in lieu of the widow's dower, and her distributive share in the personal estate. In support of this ruling it is argued that the contract is susceptible of no other construction. While it is the rule that ante-nuptial agreements are favored in law, and that the intended marriage alone is sufficient consideration to uphold them, it is equally well settled that a doubtful or ambiguous antenuptial agreement that admits of more than one construction will receive that construction most favorable to the wife. In re Deller,

141 Wis. 255, 124 N. W. 278, 25 L. R. A. (N. S.) 751. Furthermore, it should clearly appear that the provision made for the wife was intended by the parties to be in lieu of dower and her distributive share of the estate. Usually there is an express provision to that effect, but we take it that such intention may arise by necessary implication, as where the provision made for the wife is such a substantial portion of the husband's estate as to indicate that it was intended in lieu of dower and other marital rights. The agreement under consideration contains no recital that the provision made for the intended wife was in lieu of her marital rights. All that Mr. Hardesty agreed was that she should have a good home and the $500 Liberty bond in case he died first. He did not agree to provide her a home after his death, and his obligation to furnish her a home during his lifetime was nothing more than his legal duty. In the circumstances all that she was to receive under the marriage contract was the $500 Liberty bond, in case he died first. Considering the smallness of the gift compared with his estate, the language employed does not justify the inference that Mrs. Hardesty was to relinquish all her property rights in her husband's estate. On the contrary, it is just as reasonable to suppose that the provision made was intended as an inducement to the marriage and not as a complete settlement of property rights. In other words, the agreement assured her that she was to receive so much, and does not convey the idea that she was to receive no more out of his estate. Indeed, this view of the question finds support in the fact that Mr. Hardesty in disposing of his estate gave his wife property not included in the contract. Not only is Mrs. Hardesty entitled to dower, and her distributive share of Mr. Hardesty's personal estate, but she is entitled to any articles of furniture that belonged to her at the time of his death; but not the equivalent of meat and foodstuffs that she owned and brought to the home at the time of the marriage and that were subsequently consumed by her and her husband.

It follows that the demurrer to the answer and cross-petition was improperly sustained.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.