## Ridsdale v. Kentucky Home Mut. Life Ins. Co.

Oct. 29, 1940.

Joseph J. Hancock, Judge.

Richard P. Dietzman and Steinfeld & Steinfeld for appellant.

L. H. Hilton and Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Roderick Ridsdale, deceased husband of the appellant, took out a $5,000 life insurance policy with the Inter-Southern Life Insurance Company on June 9, 1927. The policy was reinsured by the Kentucky Home Life Insurance Company under the reinsurance agreement of 1932. The policy was reduced from $5,000 to $2,000 on the annual premium date in 1934. When the premium became due June 9, 1936, Ridsdale executed and delivered to the Company a "Monthly Premium Agreement" under which he was to pay the Company $6.90 per month. These monthly installments were paid through December 9, 1936. The next installment was not paid within the time prescribed in the monthly premium agreement, and the Company took the position that the policy had lapsed. Subsequently it was reinstated, though it is admitted that representations made by Ridsdale at the time of the reinstatement were material and false. The monthly installments were paid after the policy was reinstated until the time of Ridsdale's death late in 1937.

Mrs. Ridsdale brought this action to recover the full amount of the policy. The Company contended that the policy lapsed when the January 9, 1937, installment was not paid within the time provided in the monthly premium agreement, and admitted that after deducting the policy loan indebtedness from the cash value there remained a sufficient amount to purchase paid up insurance amounting to $360, which was tendered to Mrs. Ridsdale, along with the sum of $59.15, representing monthly installments received by the Company after February 23, 1937, the date of the application for the reinstatement of the policy. The Company's demurrer to the second paragraph of Mrs. Ridsdale's reply was sustained, and upon her declining to plead further judgment was entered in her favor to the extent of the Company's admitted liability and her petition dismissed in all other respects; hence this appeal.

The first, second and fourth paragraphs under the section of the policy headed "Premiums" are as follows:

"The premium on this policy may be paid in semi-annual installments, which are 52% of the an-

nual premiums, or in quarter annual installments, which are 26½% of the annual premium, provided such change is made on any anniversary date of this policy, upon written notice theretofore received by the Company.

"Except as provided in the sections on the second page of this policy entitled 'Options on Surrender or Lapse' and 'Nonforfeiture' the payment of a premium or installment thereof, shall not maintain the policy in force beyond the date when the next premium or installment thereof is payable."

"The insurance hereunder is based upon an annual premium payable in advance. One month (not less than thirty days) of grace, during which time this policy shall be continued in force, will be allowed in payment of all premiums or installments thereof after the first. If death occurs within the days of grace or during the period covered by any installment, if the premium is payable in installments, any unpaid premium or installment thereof for the then current policy year shall be deducted from the amount payable hereunder."

The first paragraph and Item 3 of the monthly premium agreement read as follows:

"I have this day paid to the Company the sum of $6.90, and agree to pay the Company eleven additional monthly installments of like amount; the first, on or before one month from date or within ten days thereafter and one each on or before the same date in each consecutive month or within ten days thereafter; all on the following express terms and conditions.

\* \* \*

"3. That the non-payment for any reason whatever of any installment on or before its due date or within ten days thereafter, shall automatically cause this agreement to cease to be a claim against the maker, and the Company may retain the proceeds of prior paid installments, including the payment made contemporaneously herewith, as part compensation for the privileges granted herein and for keeping said insurance in force, and all rights under said policy shall be the same as if the in-

stallments had not been paid or this agreement made; except that the Insured will be given credit for the payment of a quarter annual premium for each full multiple of three consecutive installments or equivalent that are promptly paid."

It can be seen from the foregoing that the policy provided a grace period of 30 days for the payment of all annual premiums or installments thereof, after the first one; that they were payable in advance; and also that the monthly premium agreement provided that the monthly installments should be paid each month from date, or within 10 days thereafter, thereby reducing the grace period to 10 days.

The appellant contends that the 30-day grace period did not start to run until the expiration of the 10 days within which each monthly installment could be paid. In support of this position she insists that the policy provided a period of 30 days grace for the payment of all premiums or installments thereof, and that each monthly installment constituted a premium installment within the terms of the policy. The Company insists that the installments referred to in the policy were semi-annual and quarterly installments mentioned in the first paragraph of the portion of the policy heretofore quoted.

It is clear that the policy gave Ridsdale no privilege of paying his annual premiums in monthly installments. It is our conclusion, therefore, that the 30-day grace period applied only to the method of paying the annual premium or installments thereof as provided in the policy. Nor can there be any question as to a lack of consideration for the signing of the monthly premium agreement by Ridsdale. The Company extended to him a privilege that he did not have under his policy, namely, the paying of the annual premium in monthly installments. This was a benefit to Ridsdale, and had this privilege not been extended to him when he failed to pay the annual premium in 1936, the policy would have lapsed. It can be seen, therefore, that the supplemental agreement for the paying of the premium in monthly installments with a grace period of 10 days was not such an agreement as is required to be a part of the policy. It in no way conflicted with any part of the policy.

The agreement in question is similar in some re-

spects to a premium extension note. The acceptance of such notes by companies has been looked upon by this Court as a collateral agreement favorable to the insured. Inter-Southern Life Insurance Co. v. Omer, 238 Ky. 790, 38 S. W. (2d) 931; Commonwealth Life Ins. Co. v. Gault's Adm'r, 256 Ky. 625, 76 S. W. (2d) 618.

It is further contended that the monthly premium agreement contravened Subsection b of Section 656 and Section 679 of the Statutes. It is true that the rights of the insured under his insurance contract must be determined from the stipulation of the policy alone, and that the policy must contain the entire insurance contract, but we have noted that the arrangement under which Ridsdale was to pay his annual premium in monthly installments was a supplemental agreement not in conflict with any provision of the policy and one which inured to his benefit. Furthermore, we have frequently held that Section 656 relates to the time when the policy was issued. Fidelity Mutual Life Ins. Co. v. Price, 117 Ky. 25, 77 S. W. 384, 25 Ky. Law Rep. 1148; Short's Adm'x v. Reserve Loan Life Ins. Co., 175 Ky. 554, 194 S. W. 773. Granting that Section 679 should be interpreted along with Section 656, New York Life Ins. Co. v. Long, 193 Ky. 19, 234 S. W. 735; and Short's Adm'x v. Reserve Loan Life Ins. Co., supra, we fail to see how this would alter the case. Section 679 has reference to such documents as are referred to in the policy. Western & Southern Life Insurance Co. v. Weber, 183 Ky. 32, 209 S. W. 716. Ridsdale's policy made no reference to a monthly premium agreement.

It follows from what has been said that it is our view that the judgment should be and it is affirmed.