## All States Life Ins. Co. v. Perkins.

March 13, 1942.

Ben B. Morris and Haden Owens for appellant.

M. C. Anderson for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

On March 18, 1938, appellant issued an industrial policy providing for payment of $250 upon the death of Edna Williams, to the beneficiary, appellee, a daughter of the insured. About one year after the issuance of the policy insured died, and the insurer declining to pay, beneficiary instituted suit to recover.

Insurer admitting the issuance of the policy denied that the proof of loss was made in accordance with its rules. In a second paragraph insurer, in avoidance of liability, plead that no medical examination was required, but that insured induced issuance of the contract by representing in an application that she was in good

health, "Which representation was at the time made false, fraudulent and untrue, and known by her to be such at the time made." She also stated that she had not theretofore been rejected as a "life insurance prospect" at the time of making the application, and that she had not been ill within two years prior to making application. With respect of the last statements, it was alleged that they were false and untrue when made, and known to be so at the time, and as to all statements it was alleged that but for their making the insurer would not have issued the contract. Insurer, as per its contract, tendered the premiums collected, which offer apparently was declined by plaintiff, who moved to strike, and without waiving that motion demurred to the second paragraph of the answer.

Upon submission the court sustained the demurrer over objection. Defendant then withdrew such allegations of the answer as challenged proof of loss. This movement the court found left no issue of fact. Defendant declined leave to amend, whereupon the court ordered the cause submitted on pleadings, and adjudged to plaintiff full recovery, over objection and exception. Defendant is now here on motion for appeal, and if granted, a reversal, insisting that its answer presented a legal defense.

Counsel for appellant relies on Western & Southern Life Insurance Co. v. Weber, 183 Ky. 32, 209 S. W. 716, and Metropolitan Life Ins. Co. v. Taylor's Adm'r, 219 Ky. 549, 293 S. W. 1061. Appellee in turn relies on National Life & Accident Ins. Co. v. Senters, 262 Ky. 143, 89 S. W. (2d) 644, which apparently is in conflict with our opinion in the Weber and Taylor cases, supra, due, perhaps to the fact that the latter cases were not called to the attention of the court.

A reading of the Weber case discloses that construction and application of Section 679, Kentucky Statutes, there and here involved, was for the first time considered, though it had been in courts in other jurisdictions; cases cited. In that case the second paragraph of the answer of the insured had set up the same defense as in the case before us. The court went quite at length in pointing out the rule prevailing prior to the date of the enactment of the statute in question, and, applying well grounded rules of statutory construction, in giving it what we concluded was the proper effect, held that the

trial court was in error in sustaining demurrer to the second paragraph of appellant's defensive pleading.

We determined that Section 679, Kentucky Statutes, requiring applications, by-laws and other documents or copies thereof, referred to in a policy to be attached thereto, and forbidding the introduction of such documents as evidence in any action upon the policy, unless so attached, did not apply when the policy makes no reference to such documents. We suggested that it might be said that our construction of the statute would impair the beneficial results and frustrate the purpose intended to be accomplished by its enactment, but found it not to be susceptible of different construction. The legislature has not seen fit to amend the section in this respect.

In the case of Fidelity Mutual Ins. Co. v. Preuser, 195 Ky. 271, 242 S. W. 608, 609, we held that an insurer failing to attach to the policy of insurance a copy of the application that is reasonably legible, waives right to avail itself of the statements in the application as a defense. There a copy of the non-legible application was made part of the policy. We wrote in that case, in applying the force of the statute: "This view is not in conflict with" the Weber case, supra, for in that case there was no reference in the contract of insurance to the documents relied on, which is the situation in the case we have in hand. We followed the ruling in the Weber case in Metropolitan Life Ins. Co. v. Taylor's Adm'r, 219 Ky. 549, 293 S. W. 1061, holding that it is admissible to prove fraud vitiating the policy, though the application be not attached to or made part thereof, and that an answer alleging insured had made false statements in the application, not referred to in the policy, would constitute a defense, and was not had on demurrer.

In Metropolitan Life Ins. Co. v. Trunick's Adm'r, 246 Ky. 240, 54 S. W. (2d) 917, 919, it was contended by insured that since the application was not printed in the point type required, under the statute, supra, it was inadmissible in evidence. We said:

"The policies here involved did not contain any reference to the applications of the insured, and Section 679 therefore has no application to them," citing the Weber and Taylor cases, supra.

We again cited the Weber case in Ridsdale v. Kentucky Home Mutual Life Ins. Co., 284 Ky. 229, 144 S. W. (2d)

487, 131 A. L. R. 740, holding that Section 679 had reference only to such documents as are referred to in the policy.

Counsel for appellee contends that because of certain statements in the policy relating to terms and conditions, there is reference to the application; that the lower court held that "all of these provisions and each of them, contained reference to the application of the insured." We fail to find that the lower court so held. He merely held that with paragraph 2 out on demurrer, and issue on proof of claim withdrawn, there was no issue of fact presented.

Appellee also suggests that in the Weber case we found that there was no reference in the policy to the application, and suggests that perhaps its terms and conditions were different from those in the instant policy. We have examined that record and find the policy to all intents and purposes similar to the one here filed, and it was upon consideration of the Weber policy we concluded no reference was therein made to the application.

It is also held in the Weber case that under the policy, a valid defense might be interposed based on a violation of its terms, and that the court erred in sustaining demurrer to the plea. Our observation of that and other cases leads to the conclusion that where such avoidance is properly plead, that is a violation of the terms of the policy itself, a valid defense is presented. Under the authority of the cases cited we are compelled to sustain the motion for appeal.

Judgment reversed, remanding the case for consistent proceedings.