## LIFE INS. CO. OF GEORGIA v. CHENAULT.

Court of Appeals of Kentucky.
Nov. 13, 1952.

Arthur B. Rouse, Jr., Lexington, for appellant.

Ben L. Kessinger, Jr., Lexington, and Alton S. Payne, Winchester, for appellee.

SIMS, Justice.

Appellee, Harlan Chenault, as beneficiary in an industrial life insurance policy requiring no medical examination which appellant, Life Insurance Company of Georgia, hereinafter referred to as the Company, issued to his wife in the sum of $500, brought this action to recover the amount of the policy. The answer of the Company contained averments that the insured in her signed application for the policy knowingly made false representations of material facts concerning her health. The application was not made a part of the policy, or attached thereto, but the policy made reference to the application, and on appellee's motion these averments were stricken from the answer. Thereupon, the Company amended its answer. The amendment averred the insured induced the Company to issue the policy by knowingly making false and fraudulent statements concerning her health. A general demurrer was sustained to the answer, the Company declined to plead further and judgment was entered for appellee for $500, the amount of the policy.

The question raised on this appeal is whether or not statements contained in an application which is neither attached to nor made a part of the policy, but to which reference is made in the policy, may be pleaded and proved to show that false and fraudulent representations were made by the insured in obtaining the policy, which representations the insurer relied upon.

It is provided in KRS 297.100 that all life insurance policies which contain any reference to the application of the insured,

"either as forming part of the policy or the contract between the parties or as having any bearing on the contract, shall have a copy of the application, or the parts thereof relied upon as forming a part of or having a bearing on the contract, attached to or accompanying the policy. Unless so attached to or accompanying the policy, the application shall not be received as evidence in any action for the recovery of benefits provided by the policy, and shall not be considered a part of the policy or contract between the parties, * * *."

The policy under the heading "Limitations of Insurance" limited the Company's liability to the return of premiums if within one year prior to the date the policy was issued the insured has received medical treatment material to the risk, unless reference to such treatment is indorsed on the policy by the Company; "provided, however, that the liability of the Company will not be limited because of absence of indorsement referring to any information which was disclosed *in the written application for this policy*". (Our italics.)

 The Company's answer pleaded that the insured in a signed application knowingly made certain untrue material representations as to her health. Appellee's motion to strike these averments was properly sustained under KRS 297.100. Provident Sav. Life Assur. Soc. v. Puryear's Adm'r., 109 Ky. 381, 59 S.W. 15, 22 Ky. Law Rep. 980; Inter-Ocean Casualty Co. v. Davis, 297 Ky. 467, 179 S.W.2d 681, 684. These authorities hold that KRS 297.-100 requires a copy of the application to be attached to the policy as a condition precedent to the statements contained in the application being received in evidence.

Appellant relies upon the annotations in 93 A.L.R. 374, at page 379; Western & Southern Life Ins. Co. v. Weber, 183 Ky. 32, 209 S.W. 716; Metropolitan Life Ins. Co. v. Taylor's Adm'r, 219 Ky. 549, 293 S.W. 1061; All States Life Ins. Co. v. Perkins, 289 Ky. 782, 160 S.W.2d 152. An examination of these authorities will show that where a copy of the application is not attached to the policy but reference is made to it in the policy, the statements in the application may be neither pleaded nor proved. In the instant case, as shown above, the policy referred to the application and as it was not attached to the policy, the contents of the application may be neither pleaded nor proved.

 The averments in the amended answer that the insured "induced the defendant to enter into the contract of insurance by false and fraudulent statements concerning her physical and mental condition and history", are but conclusions of the pleader. Therefore, the court properly sustained a general demurrer to this pleading. The mere averments of fraud and misrepresentation, without statement of facts showing wherein and how they were committed, is only the conclusion of the pleader. The facts constituting the fraud or misrepresentation must be alleged to sustain a cause of action or defense. Edward Brockhaus & Co. v. Gilson, 263 Ky. 509, 92 S.W.2d 830, and the many authorities there cited.

The judgment is affirmed.