## BROWN v. BROWN et al.

Court of Appeals of Kentucky.

Jan. 22, 1954.

As Modified on Denial of Rehearing March 26, 1954.

Robert E. Ruberg, J. J. O'Hara, E. H. Walton, Covington, for appellant.

Vest & Vest, Walton, Alex D. Yelton, Burlington, for appellees.

DUNCAN, Justice.

This appeal concerns the validity of an antenuptial agreement, measured by the allegations of plaintiff's reply as amended by which she seeks to avoid its enforcement.

The action was instituted by the appellant to recover her distributable and dowable interest in the estate of her deceased husband, W. A. Brown. The petition al-

leged the marriage of the parties on July 2, 1950, and the death intestate of the husband on November 16, 1951. His estate was alleged to consist of personal property of the value of $6,211.08 and real estate valued at $3,500. The answer of the administrator alleged an antenuptial agreement executed between the parties on June 29, 1950, under the terms of which each surrendered the right to share in the estate of the other after death. The reply, as twice amended, sought to avoid the antenuptial agreement on the ground of fraud and concealment in its procurement. A general demurrer was sustained to the reply, and appellant declined to plead further. The only question on the appeal, although others are discussed in briefs, is whether or not the allegations of appellant's reply and amendments, considered collectively, sufficiently charge fraud or concealment on the part of the husband in procuring the antenuptial agreement.

The allegation that the contract was procured by fraud and concealment is only a conclusion of the pleader and is insufficient to constitute a charge of fraud. Although there is some early authority to the contrary, it is now generally established that the mere averment of fraud without a statement of the facts constituting it is not good on demurrer. Davidson v. Falls, 215 Ky. 368, 285 S.W. 209; Winberg v. Camp Taylor Development Company, 264 Ky. 612, 95 S.W.2d 261; Life Insurance Company of Georgia v. Chenault, Ky., 252 S.W.2d 851. Rule 9.02, Kentucky Rules of Civil Procedure, specifically requires that in all averments of fraud or mistake the circumstances constituting fraud or mistake must be stated with particularity. The rule is but a restatement of the pleading requirement which this Court has consistently applied.

Other than conclusions, we are able to glean the following facts from the pleadings, the truth of which we shall assume for the purpose of the demurrer: (1) The provisions of the agreement are unreasonable, in that the estate of the husband amounted to $10,000 while that of the wife

was only $1,600; and (2) the nature and value of the husband's estate and the legal effect of the contract was not explained to the wife at the time of its execution.

Antenuptial agreements have been a fruitful source of litigation in Kentucky, and from the many cases which have reached this Court, well-settled principles have emerged concerning their enforcement. Such contracts are generally upheld and are regarded as favorites of the law. Hardesty v. Hardesty's Ex'r, 236 Ky. 809, 34 S.W.2d 442. However, to be enforceable, the contract must be free from fraud, misrepresentation, deceit, or concealment. To be bound by an antenuptial agreement, the prospective wife must have been apprised of the nature and extent of her prospective husband's estate and the value of the marital rights which she is surrendering. Potter's Ex'r v. Potter, 234 Ky. 769, 29 S.W.2d 15.

The pleadings in this case merely charge that the wife was not advised as to the value or extent of the husband's estate or the legal effect of the contract on June 29, 1950, when the agreement was signed. The marriage did not take place until three days after the contract was signed. The pleadings do not allege, and there is nothing from which we can assume, that appellant remained in ignorance of the value of the estate and the effect of the contract until after the marriage.

In Stratton v. Wilson, 170 Ky. 61, 185 S.W. 522, we held that if the wife acquired knowledge as to the value of the estate and the effect of the contract at any time before the marriage it was immaterial whether or not she had such knowledge at the time the agreement was signed. Under that authority, we are unable to treat the allegation that the appellant was not so advised on June 29, 1950 as a statement of facts constituting fraud or concealment in the procurement of the agreement.

The only remaining allegation concerning the agreement is that it was unreasonable because the wife, by its terms, was surrendering considerably more than

the husband. Neither the prima facie inequity of the antenuptial agreement nor the disparity between the allowance to the wife and the means of the husband is regarded as constituting fraud. Harlin v. Harlin, 261 Ky. 414, 87 S.W.2d 937; Potter's Ex'r v. Potter, supra. These facts are at most merely evidence of fraud and in no way dispense with the pleading requirements we have indicated. We think the general demurrer to the reply as amended was properly sustained.

In view of our conclusions concerning the propriety of the order sustaining the demurrer, it is unnecessary to consider or discuss the court's rule relating to the burden of proof.

The judgment is affirmed.