**NATIONAL LIFE & ACCIDENT INSURANCE COMPANY OF NASHVILLE, TENN., a Corp., Appellant,**

v.

**Roger BOND, Appellee,**

Court of Appeals of Kentucky.

Nov. 3, 1961.

Stoll, Keenon & Park, Lexington, for appellant.

Paul H. Mansfield, Charles Palmer, Lexington, for appellee.

STANLEY, Commissioner.

The appeal granted upon motion is from a judgment for $1,600 on an industrial insurance policy issued by the appellant on February 10, 1958, on the life of a baby, Donnie J. Bond, then 48 days old, with the death benefit payable to his father, Roger Bond, who made the application. The insured died November 4, 1958, when he was eleven months and ten days old. In this suit to recover on the policy the company pleaded two affirmative defenses. They were stricken by the trial court on plaintiff's motion. Thereafter summary judgment for the plaintiff was rendered.

Paragraph 2 of the answer set up this provision in the policy: "Effective date—

This policy shall take effect on the Date of Issue, provided the Insured is then alive and in sound health, but not otherwise." It was pleaded that "the insured Donnie J. Bond was not in sound health for the reason that he was at such time suffering from and afflicted with a disease or condition known as mongolism, a congenital heart defect or disease, asthma, bronchitis or a respiratory infection or disorder and a disease or condition known as cyanosis, all of which rendered and caused the insured to be of unsound health on the Date of Issue of said policy." It was further alleged that no medical examination of the insured was required or made and that the defendant had no knowledge of the insured's condition, as described, and if it had such knowledge, the policy would not have been issued.

In Western & Southern Life Ins. Co. v. Downs, 301 Ky. 322, 191 S.W.2d 576, on authority of previous cases of this kind, it was held that proof that the insured was not in good health when the policy was delivered is sufficient to avoid liability under it. It was error to strike the plea from the answer.

The other defense stricken was that the application for the insurance had been made and signed by the beneficiary, the plaintiff, and he had falsely represented that the child was (1) in good health, (2) had not had any illness or injury in the past five years, (3) had never had heart disease or asthma, (4) was not "deformed or paralyzed," (5) had never had any illness or disorder or any injury to the brain, lungs, spine or nervous system. The defendant averred that it issued the policy in reliance upon the representations as true, whereas they were false because of the insured's condition as above described.

No copy of the application was attached to or made a part of the policy. This is an "Industrial" life insurance policy, as defined by KRS 304.872. The statute, KRS 304.655(1), relating to the inadmissibility in evidence of an application for insurance if no copy was attached to or otherwise made a part of the policy when issued and delivered, contains this qualification: "This provision shall not apply to industrial life insurance policies." The qualification became effective in 1950, so that our prior opinions to the contrary are not controlling.[1]

The division of the comprehensive insurance code (enacted in 1950) relating to "Industrial Life Insurance," KRS 304.871–304.907, does not contain a provision that an application for insurance is inadmissible in evidence. KRS 304.876 does provide that the policy shall constitute the entire contract unless a copy of the application is made a part, in which event the policy and the application constitute the contract. Reading together 304.655(1) and 304.876, evidence of misrepresentations made in an application, though not attached to the policy, is admissible and may prove sufficient to invalidate the contract. We think the trial court was in error in striking this defense.

The appellee justifies the summary judgment upon the ground of affidavits stating facts which he claims constituted an estoppel or waiver on the part of the appellant. The record does not indicate any affidavits were filed except the statement of the judgment that it was being rendered on "the pleadings and affidavits submitted." No affidavits appear in the record. Since the affirmative defenses had been held not sustainable as a matter of law, there remained in the case only the complaint and, as stated above, a traverse of a material allegation. In any event, we must, of course, ignore statements in the brief which are not supported by the record.

Judgment reversed.

1. Appellant says the trial court's decision was rested upon Life Ins. Co. of Georgia v. Chenault, Ky., 252 S.W.2d 851, and Life and Casualty Ins. Co. of Tenn. v. Davis, Ky., 280 S.W.2d 543. The former, though decided in 1952, involved a policy issued before the 1950 Act went into effect (as an examination of the record reveals), and the latter case, a per curiam opinion delivered in 1955, rested upon the absence of a limitation upon the soliciting agent's authority in the application.