WRIGHT, J.,
DISSENTING:
I respectfully dissent. The majoiity does not reference the fact that the state university presidents met with the Governor and reached an agreement. The agreement was memorialized that same day in a letter signed by eight of the nine presidents. The letter stated that the presidents were “prepared to manage reductions in accord with the Governor’s final offer of 2 percent in the current year if it is determined by the courts to be permissible .... ” What the letter leaves unclear is what, exactly, was left to be determined as permissible by the courts. What’s more, the universities did not file or join a case before the courts to determine what was permissible.
This language is ambiguous. On the one hand, the presidents could have been referring to whether they had the power to spend less funds than allocated. On the other, the presidents could have been referring to whether it was permissible for the Governor to reduce their already-allocated funds for the current fiscal year. The majority does address one of these issues by finding that the universities are not required to spend every penny of the money provided them under the budget. But *389 this still does not address the ambiguity of the letter.
The trial court relies on the letter’s language two different times in its opinion and order—stating that “[i]n fact, as the Universities have come to an agreement with the Governor” in the first instance and referring to the agreement again later in its opinion and order. We do not set aside the trial court’s findings of fact unless they are clearly erroneous. Lawson v. Loid, 896 S.W.2d 1, 3 (Ky.1995). I do not believe that they are.
The Governor’s second letter reducing the allotment for eight of the state universities referred to this agreement. The initial reduction of 4.5% was cut to 2% for the institutions whose presidents signed the letter. Kentucky State—the only state school which did not agree that it could reduce its spending—had its allotment completely restored. Clearly, the eight presidents who signed the letter agreed to the reduction and the one president who did not agree (the president of Kentucky State) received the full budgeted amount. There is no evidence of record as to whether the presidents had the authority to enter into such an agreement—and that is not at issue before this Court.
The universities did not join the lawsuit and neither party so much as deposed their representatives. The Attorney General does say in passing in his brief that the trial court erred referring to the agreement as a “fact” in its opinion and order. However, the Attorney General does not provide any evidence to support his contention that the trial court’s finding was clearly erroneous and fails to further flesh out the argument.
On these facts, I would affirm the Franklin Circuit Court’s grant of summary judgment, as the trial court found that there was an agreement between the universities and the Governor, thus rendering all other issues moot.
Venters, J., joins.