RENDERED: JUNE 18, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0702-MR

KIM GARRIGUS                                                                    APPELLANT

v.
APPEAL FROM GRAVES CIRCUIT COURT
HONORABLE TIMOTHY C. STARK, JUDGE
ACTION NO. 19-CI-00101

CHAD BURNETT D/B/A HEARTLAND GARAGE, INC.          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Kim Garrigus ("Appellant") appeals from the findings

of fact, conclusions of law, and trial order of the Graves Circuit Court awarding

her $5,250.20 for an unused portion of a construction retainer. Appellant argues

that the circuit court erred in ruling that Chad Burnett d/b/a Heartland Garage, Inc.

("Appellee") did not breach a construction contract and that Appellant took no

steps to mitigate the damages. For the reasons addressed below, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On December 31, 2018, the parties executed a contract providing that Appellee would construct a residential, detached garage on Appellant's parcel for the sum of $15,912.00. Pursuant to the contract, Appellant paid Appellee $10,912.00 as a retainer for the project. On January 24, 2019, Appellee installed forms and footers for the foundation of the garage. According to the record, the forms and footers were in place for 19 days.

On February 13, 2019, Appellee began pouring the concrete foundation. While the foundation was being poured, Appellant told Appellee that the foundation was being installed in the wrong location. Appellee told Appellant that it was impossible to stop pouring the concrete in the midst of the job. Appellant also claimed that the garage was one foot short of the contracted dimensions. After the foundation was poured, no further work was completed on the project.

The following month, Appellant filed the instant action in Graves Circuit Court alleging that Appellee breached the contract by pouring the foundation in the wrong location and to the wrong dimensions. The matter proceeded to a bench trial, whereupon the Graves Circuit Court determined that

Appellant failed to demonstrate that Appellee breached the contract. The court further determined that Appellant made no effort to mitigate the alleged damages.[1] The court accepted Appellee's testimony that it expended $5,661.80 to install the forms and the footers and to pour the foundation. It then deducted that sum from the $10,912.00 retainer paid by Appellant, resulting in damages payable to Appellant in the amount of $5,250.20. This appeal followed.

## ARGUMENT AND ANALYSIS

Appellant argues that the trial court erred by finding that Appellant had not demonstrated that Appellee breached the contract and that Appellant made no effort to mitigate damages. Citing *Kentucky Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691 (Ky. 2016), Appellant contends that in the absence of ambiguity, a written instrument will be enforced according to its terms. As applied herein, Appellant argues that she provided the trial court with the contract, as well as pictures showing where the garage was incorrectly placed. She argues that common sense shows that the garage was placed in the wrong area. According to Appellant, the garage did not match the diagram in the contract, it did not line up with Appellant's driveway, and it was placed over utility lines. Further, Appellant

---

[1] Though not expressly stated in the order on appeal, it appears from the record that the trial court believed that Appellant had ample opportunity to request a change in the placement of the garage during the approximately 19 days that the forms and footers were present in her yard.

maintains that the size of the foundation was smaller than the 30' x 24' design specified in the diagram on the contract.

Directing our attention to *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 726 (Ky. App. 2007), Appellant argues that she proved a breach of the contract by demonstrating 1) the existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach. She notes that the parties have stipulated as to the existence of a contract and maintains that the evidence she presented proves a breach thereof. Appellant argues that she has suffered a pecuniary loss by virtue of the breach, including loss of performance under the contract, as well as the cost of removing the foundation and hiring another company to build the garage. She seeks an opinion and order reversing the order on appeal.

We review a trial court's factual findings for clear error and will not set them aside if they are supported by substantial evidence. Kentucky Rules of Civil Procedure ("CR") 52.01; *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). Substantial evidence means evidence of substance and relevant consequence having the fitness to induce "conviction in the minds of reasonable men." *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972) (citation omitted). Questions of law are subject to *de novo* review.

*Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002).

The first question for our consideration is whether the trial court's findings of fact were supported by substantial evidence. We must answer this question in the affirmative. The evidence presented to the trial court consisted primarily of the parties' testimony and the contract. Appellant maintained that the garage was not properly situated in conformity with the contract, whereas Appellee stated that it was correctly placed. The contract contains a simple, hand-drawn representation of a garage, and shows exterior dimensions of 30' x 24'. Neither the contract language nor the drawing, however, gives any clue as to where the garage was to be located. While Appellant provided the trial court with pictures showing where she wanted the garage placed, these pictures are not part of the contract.

The trial court made the following findings: that there was a contract in the amount of $15,912.00; that Appellant paid a retainer of $10,912.00; that the forms and footers were in place for 19 days; that while the foundation was being poured, Appellant claimed it was in the wrong place; and that Appellee's cost in the project up to that point was $5,661.80. Each of these findings is supported by substantial evidence contained in the record.

The question of law presented to the trial court was whether Appellee breached the contract by pouring the foundation in the wrong place and to the wrong dimensions. The trial court determined that Appellant failed to demonstrate that Appellee breached the contract. It also found that Appellant made no effort to mitigate her alleged damages. Reviewing this question of law *de novo*, *Cantrell Supply, Inc.*, *supra*, we find no basis for concluding that Appellee breached the contract. The contract is silent as to the garage's placement, and Appellant has offered nothing other than her own testimony to support her claim that the foundation was not poured to the proper dimensions. Due regard must be given to the opportunity of the trial judge to consider the weight and credibility of the witnesses. *Lawson v. Loid*, 896 S.W.2d 1, 3 (Ky. 1995) (citing CR 52.01). As a breach is an essential element of a claim of breach of contract, *Barnett*, *supra*, and having found no breach, we cannot conclude that the Graves Circuit Court erred in finding no breach of contract.

As to the issue of mitigation of damages, while it is true that a party claiming damages for breach of contract must use reasonable efforts to mitigate his damages, "[t]he party committing the breach bears the burden of proving that the plaintiff failed to mitigate his damages." *Jones v. Marquis Terminal, Inc.*, 454 S.W.3d 849, 852 (Ky. App. 2014). Since Appellant has not demonstrated that Appellee breached the contract, the issue of mitigation of damages is moot.

## CONCLUSION

The findings of the Graves Circuit Court are supported by substantial evidence, and our review leads us to conclude that circuit court properly found no breach of contract.  For these reasons, we affirm the findings of fact, conclusions of law, and trial order of the Graves Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Heather L. Jones
Paducah, Kentucky

BRIEF FOR APPELLEE:

Andrew D. Leonard
Mayfield, Kentucky